## Commonwealth ex rel. Goldenberg, Appellant v. Goldenberg.

Argued April 8, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Sigmund H. Steinberg,* with him *Samuel J. Gottesfeld* and *Blanc & Steinberg,* for appellant.

*Abraham Wernick,* for appellee.

OPINION BY HIRT, J., June 15, 1946.

Following a divorce of the parties in 1944, respondent agreed in writing with relatrix to pay her $30 per

week for the support of their two minor children. Alleging that the above amount (agreed to by her on inaccurate information as to respondent's earnings) was inadequate, relatrix on July 16, 1945, petitioned for an order of court determining respondent's liability for the support of his children, in the light of their needs and his ability to pay. At the hearing it was established that the older child, a son then 16 years of age, was retarded both mentally (he had not progressed beyond the elementary grades) and physically, and that he required special schooling and frequent medical care. Respondent owned a one-half interest in Diamond Cap Company, a partnership. For the period of three years ending June 30, 1945, his average annual earnings, received from profits of the business, were about $13,000. During the five months ending November 30, 1945, respondent drew a total of $6,899.34 though the business, after withdrawals by the partners, showed an operating loss for the period. On June 30, 1945, the net worth of the partnership was $36,541.84. At the time of the hearing the current withdrawals of respondent were at the rate of $375 per week. On testimony to this effect, an order was entered by the hearing judge directing the respondent to pay $50 per week for the support of his children. *Nineteen days thereafter* respondent petitioned for a reduction in the amount of the order. A re-hearing was held by another judge [1] of the lower court who, on December 18, 1945, reduced respondent's liability to $25 per week. Fifty dollars per week is no more than adequate to meet the needs of the children. Relatrix's appeal raises the single question of respondent's ability to pay.

During the period of the war, Diamond Cap Company manufactured hats exclusively for the armed forces, under contracts with the army, the navy and the marine

---

[1] We have noted our disapproval of the practice, where the interests of children are involved. *Com. ex rel. Moss v. Moss*, 159 Pa. Superior Ct. 133. The judges who first heard the parties was better qualified to do justice between the children and their father on the issue of his ability to support them adequately.

corps. At the time of the first hearing there had been a cancellation of two of the contracts, with the certain prospect of the termination of the third within a few weeks. These facts were in contemplation of the first judge, who nevertheless found the respondent able to pay $50 per week. That conclusion, amply supported by the evidence, is final unless subsequent changed conditions justify the reduction in amount ordered by the second judge. *Com. ex rel. Jamison v. Jamison,* 149 Pa. Superior Ct. 504, 27 A. 2d 535; *Com. v. Elliott,* 155 Pa. Superior Ct. 477, 38 A. 2d 531. When the case was re-heard on the present petition, all government contracts had been cancelled, as anticipated. The partners however did not contemplate liquidation of the business but stopped operation only until materials could be secured for the manufacture of civilian goods for the mercantile trade. Respondent had been in the business of manufacturing hats and caps for 22 years and had no intention of abandoning it. Materials had been contracted for, and respondent expected to resume operation within about three months. He is resourceful and against the time when he could secure adequate supplies of goods for the manufacture of caps, he organized another company and was making swimming trunks. It is unimportant that at the time of the second hearing his actual withdrawals from the two companies were but $52.50 per week, for under the circumstances his then income was not the measure of his ability to pay. Cf. *Jones v. Jones,* 348 Pa. 411, 35 A. 2d 270. Respondent's property and financial resources, aside from his actual current earnings, were relevant considerations. *Com. v. Surovitz,* 148 Pa. Superior Ct. 342, 25 A. 2d 761. Moreover it was a fair inference that respondent's then low income would not continue beyond the reconversion period. It was a reasonable expectation that with a resumption of production, the demand for civilian goods would restore respondent's earnings to an amount comparable with his profits on war contracts. The proofs establish

no more than a temporary change in his financial position. Only permanent changes will justify a reduction in a support order; temporary losses are insufficient. *Com. ex rel. Crandall v. Crandall,* 145 Pa. Superior Ct. 359, 21 A. 2d 236; *Com. ex rel. Barnes v. Barnes,* 151 Pa. Superior Ct. 202, 30 A. 2d 437. In the absence of proof of permanent impairment of respondent's ability to pay $50 per week for the support of his children there is no justification under the testimony in this record for the present order. If after resuming production for a reasonable period, permanent reduction in earning ability appears, respondent will be in position to renew his application, but not otherwise.

The order of January 18, 1946, is reversed; the order of October 19, 1945, is reinstated as of that date.