## Commonwealth ex rel. Crawford *v.* Crawford, Appellant.

Argued October 2, 1951. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

152

*Ralph Schwartz,* for appellant.

*William T. Connor,* for appellee.

OPINION BY GUNTHER, J., November 15, 1951:

In this habeas corpus proceeding Robert Crawford, respondent, has appealed from an order of the court below granting the custody of Barbara Jean Crawford, age 11, and Rodney Crawford, age 9, to Rachel Crawford, relatrix. We granted a supersedeas so that the children have been with appellant pending disposition of this appeal.

Relatrix filed her first habeas corpus petition on January 14, 1948. The matter was heard by Judge BONNIWELL who, after hearing, awarded custody of the children to Robert Crawford, appellant, on March 5, 1948. Relatrix thereafter on June 2, 1949, filed her second habeas corpus petition. The writ was allowed by Judge LINTON and came on for hearing before him on June 29, 1949. Testimony was taken before Judge LINTON and for the first time there was an intimation that the marriage of the parties was bigamous. Judge LINTON, upon learning that Judge BONNIWELL had heard the case originally, referred the matter to him for decision. The record shows no disposition of this second writ of habeas corpus and reads as follows: "Writ of habeas corpus continued until the return of

Judge BONNIWELL; mother to have children on Sundays, from two to four p.m.". The second proceeding was pending and undisposed of when relatrix on January 3, 1951, filed her *third* habeas corpus petition seeking custody. The court below which heard evidence on the third writ and from which the present appeal was taken concedes that no disposition of the second writ was made.[1]

This case clearly exhibits the reason why this Court in *Commonwealth ex rel. Moss v. Moss,* 159 Pa. Superior Ct. 133, 135, 47 A. 2d 534, noted its disapproval of the practice of several judges participating in custody hearings. Ordinarily, a judge first assigned to a case involving the welfare of children is better qualified to dispose of subsequent proceedings. Cf. *Commonwealth ex rel. Goldenberg v. Goldenberg,* 159 Pa. Superior Ct. 140, 141, 47 A. 2d 532.

The question is whether a subsequent writ of habeas corpus may issue and be disposed of where a prior writ of habeas corpus between the same parties and involving the same issues is pending and undisposed of. We think not. Cf. *Commonwealth ex rel. Piper v. Edberg,* 346 Pa. 512, 31 A. 2d 84.

However liberally inclined the courts might be concerning the litigation of successive habeas corpus proceedings involving custody of children, it is clear that litigation must be conducted in an orderly manner to a definite conclusion. The second writ of habeas corpus should have been disposed of first and the pendency of that writ was sufficient legal cause for abating the third writ. Ordinarily, in order to justify a modification

---

[1] The court below said: "A second petition for writ of habeas corpus at a later time was heard before another judge of this court [Judge LINTON] on June 29, 1949, and although at this hearing the second marriage of the parties was questioned, the record shows no disposition of that writ."

under a subsequent writ of habeas corpus, there should appear either a change of circumstances arising after the entry of the original decree or at least a showing that at the time of the prior order facts were unknown to the party now urging them which could not with due diligence have been ascertained. To permit a party to relitigate a subject of relative fitness of parents to have custody of children by an inquiry into the same or other facts existing at the time of or prior to the former decree would lay a foundation for interminable and vexatious litigation. To adopt appellee's contention would enable a dissatisfied litigant to keep the courts continually occupied with his grievances concerning former orders.

There is likewise no merit to the argument that the doctrine of res judicata bars further action in the instant case. Under ordinary principles of res judicata, a judgment or decree, in the absence of fraud, is conclusive between the parties not only as to matters decided therein but those which might have been properly decided. *Blum v. Goldman,* 366 Pa. 527, 79 A. 2d 248; 30 Am. Jur., Judgments, §§172, 179. However, res judicata has little place for strict application where the welfare of children is involved. *Commonwealth ex rel. Moss v. Moss,* supra. It is settled that the welfare of children is the prime consideration in regulating custody and this principle has tempered the harsh application of the rule of res judicata.

In light of the foregoing, it is clear that the record must be remanded to the court below with instructions to dispose of the second writ of habeas corpus; to make definite findings concerning fitness of the parties and the best interest and welfare of the children and to make an order consistent with the evidence.

Decree reversed. The record is remitted with instructions to dispose of the cause consistent with the views herein expressed.