Com. ex rel. Williams *v.* Williams, Appellant.

370

Argued November 19, 1951. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Jacob Weinstein,* with him *Leon Sobel,* for appellant.

*Harold B. Lipsius,* with him *Lawrence D. Biele,* for appellee.

OPINION BY ARNOLD, J., January 17, 1952:

In this proceeding to secure support for the wife the court made an order of $100 a week against the husband, and he appeals. He admits his liability for support, and the only question is the amount of the order.

The defendant's testimony discloses that the husband gave to his wife $100 a week prior to the separation, and in addition bought her some clothes and paid for her dinners, they occupying a two-room apartment. In 1950 the defendant owned a one-half interest in a partnership with his father which earned him $25,000.

He claims that most of this was put back into the business. In January, 1951, six months before the separation, the business was incorporated, and he desires the court below and this Court to believe him when he says that he gave up his 50% ownership in exchange for 15% stock ownership; giving his father, mother and sister the balance of the stock. He claims that the consideration for giving up the 35% of his interest in the partnership was that he received the presidency of the new corporation with a salary of $7,500. The court below deemed that he was not a credible witness, and with that we fully concur.

From his testimony it would seem very clear that the defendant purposely reduced his earnings or earning power, probably in contemplation of the separation that occurred the following July, so that he could appear in court as receiving an income of only $150 a week. This the court below determined, and so do we. The defendant admitted that he was liable for his wife's support, and although she charged in her petition that he left the common domicile and informed her by letter that he was separating, he gave no testimony that the separation was through any fault of hers.

Not only was his alleged income to be considered in the support order, but also his earning power and his capital assets. In this connection the 35% interest in the partnership (which he gave up for a 15% interest in a corporation) went to members of his own family, all of whom are now on the payroll of the corporation, and it is not difficult to see the realities in spite of the disguise.

The order of the court below is affirmed.