Commonwealth ex rel. Orlowitz, Appellant, *v.* Orlowitz.

Argued October 9, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and GUNTHER, JJ. (ARNOLD, J., absent).

*Bernard Eskin*, with him *Wolf, Block, Schorr & Solis-Cohen*, for appellant.

*Meyer Love*, for appellee.

OPINION BY RENO, J., January 20, 1953:

On September 29, 1949, the court below, confirming an agreement between the parties and without taking testimony showing the father's financial status, entered an order requiring him to pay $100 a week for the support of his two minor children. At the time the agreement was made the mother was applying for a divorce which was subsequently granted. Both parties have since remarried. The mother retains custody of the children, aged seven and five.

On June 13, 1952, upon testimony which showed only that the father's income had decreased, the court entered an order reducing the payment to $75 a week, and the mother appealed. His net income, after taxes, for 1949 was $23,076.30; for 1950, $21,855.81; for 1951, $17,050.05. To the latter figure should be added $4,800, less taxes, for a dividend paid from 1951 earnings but not actually received until 1952. His average annual net income over the period has not been less than $21,000. His income is derived in part from dividends paid by two corporations, in one of which his interest was appraised by his own expert witness at $180,000. In another corporation, from which he has received substantial dividends, he owns a 12½% interest, the value of which was not disclosed.

The burden of establishing a permanent change of circumstances and conditions was upon the father, *Com. ex rel. Mazon v. Mazon,* 163 Pa. Superior Ct. 502, 63 A. 2d 112, and obviously he did not meet the requirements of our cases. "The proofs establish no more than a temporary change in his financial position. Only permanent changes will justify a reduction in a support order; temporary losses are insufficient": *Com. ex rel. Goldenberg v. Goldenberg,* 159 Pa. Superior Ct. 140, 142, 47 A. 2d 532. Moreover, whether the court is considering a petition for support or for its increase or reduction, income is not the sole basis for the action of the court; the defendant's potential earning power and his capital assets are relevant and, sometimes, controlling factors. *Com. ex rel. Williams v. Williams,* 170 Pa. Superior Ct. 369, 85 A. 2d 627. This petition for a reduction was prematurely brought. A slight decrease in income over a comparatively short period of time, while capital assets remain unimpaired, will not justify a reduction. If a longer period demonstrates that his diminished income

has become permanent, his application for a modification of the order can be renewed. *Com. ex rel. Goldenberg v. Goldenberg,* supra. Even then, however, the state of his capital assets will be a relevant consideration.

Appellee's contention that the mother is bound by his averments in his petition because she failed to file an answer is without merit. The petition and the mother's failure to answer were not called to the attention of the court below and her admission, implied from the absence of an answer, was not placed upon the record. The methods whereby admissions may be placed upon the record, prescribed by *Buehler v. U. S. Fashion Plate Co.,* 269 Pa. 428, 112 A. 632, must be followed. See 2 Anderson, Pennsylvania Civil Practice, p. 450. Such admissions cannot be taken against a defaulting party for the first time on appeal.

The order of June 13, 1952, is reversed and the order of September 29, 1949, is reinstated. Costs to be paid by appellee.