Commonwealth ex rel. Mooney *v.* Mooney, Appellant.

Argued September 26, 1956. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ. (HIRT, J., absent).

*Charles F. Mayer,* for appellant.

*Norman Snyder,* with him *Snyder & Snyder,* for appellee.

OPINION BY CARR, J., December 28, 1956:

This appeal is from an order of the Court of Quarter Sessions of Delaware County dismissing a husband's petition to reduce the amount of a support order.

This couple first separated on June 21, 1955, and on August 24, 1955 entered into an agreement and stipulation for the entry by the court of a support order in the amount of $50.00 per week. Some time later in 1955 they resumed cohabitation and separated again on February 29, 1956. His petition for a reduction of the amount of the order was refused after a hearing on April 13, 1956.

At the hearing the evidence disclosed that the appellant is the owner and operator of a taproom in a building owned by him and his wife as tenants by the

entireties and that he lives in an apartment on the second floor of the building. The appellee is living with a married daughter.

The appellant's accountant testified that the gross income from the taproom business during the year 1955 was $30,551.00 and that after deducting the expenses of the business and taxes on the real estate, the actual dollar income from the business was $5,242.00. He also deducted $2,458.00 for depreciation of the real estate, and accordingly, the appellant contends that his real income was $2,784.00. Although such deduction may be proper in determining the net income for tax purposes, it does not reduce the actual dollar income of the taxpayer, and does not enter into a computation of a husband's total income upon which a support order may be based. *Commonwealth ex rel. Rankin v. Rankin*, 170 Pa. Superior Ct. 570, 87 A. 2d 799.

The appellant and his accountant testified that the purchase price of the real estate held by the appellant and his wife as tenants by the entireties in which the taproom is located and above which there is an apartment occupied by the appellant was $44,000.00 upon which there is a mortgage of about $15,000.00. He pays no rent for the taproom or apartment although he pays the taxes thereon.

The appellant further contends that his earning capacity has been materially reduced since August, 1955. He says that at that time it was about $100.00 a week although his accountant stated that it was $105.00. Both he and his accountant testified that his present income was about $80.00 per week, but they produced no records or other evidence of reduced earnings. The accountant whose business is nearly all derived from keeping records for taprooms, testified to a general decline in taproom business, but admitted that the busi-

ness fluctuated and that the Summer business was generally better than Winter. This Court said in *Commonwealth ex rel. Orlowitz v. Orlowitz*, 172 Pa. Superior Ct. 481, 483, 94 A. 2d 366, 367, "Moreover, whether the court is considering a petition for support or for its increase or reduction, income is not the sole basis for the action of the court; the defendant's potential earning power and his capital assets are relevant and, sometimes, controlling factors. *Commonwealth ex rel. Williams v. Williams*, 170 Pa. Superior Ct. 369, 85 A. 2d 627. This petition for a reduction was prematurely brought. A slight decrease in income over a comparatively short period of time, while capital assets remain unimpaired, will not justify a reduction. If a longer period demonstrates that his diminished income has become permanent, his application for a modification of the order can be renewed. *Commonwealth ex rel. Goldenberg v. Goldenberg*, supra. Even then, however, the state of his capital assets will be a relevant consideration."

Ordinarily the amount awarded the wife should not exceed one-third of her husband's income, but the exact amount should, as far as possible, be left to the determination of the hearing court which has the advantage of seeing and hearing the parties, and this Court will not reverse except for a plain abuse of discretion. *Commonwealth ex rel. Pinkenson v. Pinkenson*, 162 Pa. Superior Ct. 227, 57 A. 2d 720. *Commonwealth ex rel. Myerson v. Myerson*, 160 Pa. Superior Ct. 432, 51 A. 2d 350. *Commonwealth ex rel. Berry v. Berry*, 165 Pa. Superior Ct. 598, 69 A. 2d 442. In our opinion the record discloses no abuse of discretion on the part of the court below.

Order affirmed.