## Wilson Petition

*Merrill W. Kerlin*, for petitioner.
*Albert Foster*, for Commonwealth.

SHEELY, P. J., June 8, 1959.—This is a petition under the Act of April 11, 1866, P. L. 780, 53 PS §795, by a husband whose wife is non compos mentis and an inmate of the Harrisburg State Hospital, for authority and direction to sell certain real estate owned by him in his own right for the sum of $5,000 without

the joinder of his wife, so that the sale shall divest such premises from any estate or claim of dower.

The Commonwealth of Pennsylvania, by the Department of Revenue, has filed an answer to the petition alleging that the wife has been in the care of the hospital since September 25, 1958, that there is a balance due the Commonwealth for her care to April 30, 1959, of $739.50, that the charges for her support will continue for the balance of her life and that her husband, petitioner, is the person legally liable to pay for the same, that the husband is now 84 years of age and is living on Social Security and is paying $29.50 per month for the support of his wife out of the amount that they both receive from Social Security. The Commonwealth agrees to the sale as prayed for upon condition that the husband pay out of the purchase price the sum of $739.50 now due the Commonwealth as of April 30, 1959, and that the further sum of $2,500, being one-half of the purchase price, be set aside for the future care and support of the wife during the balance of her life.

Nothing in the statute referred to requires the consent of the Commonwealth to the sale of the real estate. The statute provides that it should be lawful for any person whose wife is non compos mentis to sell, etc., real estate held in his own right, under the direction of the court of common pleas, whenever it shall appear to the court that the wife is non compos mentis and that it is to the interest of the owner that the same should be sold, etc. There is no difficulty making those findings in this case as the wife is unquestionably non compos mentis, and the husband, who is the owner of the real estate in his own right, is 84 years old, living on Social Security and confined to a nursing home.

The only interest of the Commonwealth in this proceeding is in the proviso of the statute that where it appears that the wife has no estate in her own right,

which is the situation here, "it shall be in the discretion of the said court, by their order and decree, to make a reasonable provision for . . . her support and maintenance out of said . . . proceeds of sale . . . so long as . . . she shall continue non compos mentis."

Under this proviso there is no basis whatever for the Commonwealth's demand for payment of the sum of $739.50 now due for prior maintenance of the wife. The husband may be liable for this amount, but the statute does not give the Commonwealth a lien on the property or its proceeds for payment of sums to the Commonwealth for prior support. The statute contemplated a provision for future support only.

In interpreting the proviso two elements are noted. The making of the provision for the support of the wife is "in the discretion" of the court, and the provision must be "reasonable." The discretion to be exercised must, of course, be a legal discretion based upon all the circumstances. The "reasonable provision" must also be based upon all of the circumstances.

We start with the fact that the husband is 84 years of age and has no assets other than this real estate worth $5,000. His only income is his Social Security payments and he himself requires care in a nursing home. The age of the wife does not appear, but she will apparently be an inmate of the State hospital for the remainder of her life. There are also several children born to the marriage who are now living.

The real estate is owned by the husband in his own right and the wife has no present interest therein except her inchoate right of dower at common law which, under section 5 of the Intestate Act of April 24, 1947, P. L. 80, 20 PS §1.5, has been changed to her rights under that act. Her share in real estate aliened by the husband in his lifetime, without her joining in the conveyance, shall be the same as her share in real estate of which her husband dies seized. Therefore, if the hus-

band does not sell the real estate and dies seized of it, or if he does sell and convey the real estate without the wife's joinder, her interest in the real estate would be a one-third interest if she survived him. But, if she should predecease him under either circumstance, she would have no interest in the real estate.

The husband is, of course, liable for the support of his wife and, under section 701 of The Mental Health Act of June 12, 1951, P. L. 533, 50 PS §1361, is liable for the cost of her care in the State hospital: Liberty Bank and Trust Co. v. Commonwealth 85 D. & C. 279 (1953). This liability would terminate, however, at his death. Thereafter the Commonwealth would have to look to the wife's share of her husband's estate, or to any other property which she might have, or to the other persons legally liable for her support, for payment of the cost of her care. While the Act of 1866, supra, provides that the court may make a reasonable provision for the support of the wife out of the proceeds of sale, so long as she shall continue non compos mentis, the statute cannot be construed to require provision for her support after the death of her husband. Such a result would be entirely unreasonable and would place a greater burden of support on the husband when he sells real estate than he would otherwise have.

When these factors are considered the unreasonableness of the Commonwealth's demand becomes apparent. If one-half of the sale price were now set aside for the future support of the wife and the husband should die tomorrow, the wife would receive the benefit of one-half of his sole asset plus one-third of the remaining half, or two-thirds of his estate, whereas if he died without selling the real estate, or if he conveyed the real estate without her joinder, she would be entitled to one one-third.

There is another factor that must be considered. Under section 703 of The Mental Health Act of 1951,

50 PS §1363, it is provided that when any patient has been admitted to any State institution any court of the county in which the patient resided prior to her admission should have power to make an order for the payment of the costs of care of the patient and, before making any order, the court should take into consideration the ability to pay of the patient or the persons liable for her support. The making of an order under this section for payment of less than the full cost of care would not relieve the husband or his estate of the liability for the full cost of care of the wife under section 701. It would merely determine the amount which he should pay currently, based upon his ability to pay. In determining his ability to pay and the amount which he should be ordered to pay, the same considerations would be applicable as apply to a nonsupport case and the court would be required to exercise a sound discretion. The purpose of an order of support is to secure to the wife a reasonable allowance for support in accordance with the husband's property, income and earning capacity, and the family's condition in life, and the order would be based not only on his income, but his earning capacity and his capital assets would be considered: Jones v. Jones, 348 Pa. 411 (1944); Commonwealth ex rel. Williams v. Williams, 170 Pa. Superior Ct. 369 (1952). See Commonwealth ex rel. Baugher v. Baugher, 48 April sessions, 1956, Court of Quarter Sessions of Adams County, in which we refused to enter an order where the husband, who was totally incapacitated, had capital assets of $16,000 which, together with a veteran's pension, gave him an income of $650 per year and the wife was earning $25 per week and owned her own home.

In considering the reasonableness of a provision for the wife we must also take into consideration the condition of this husband who must support himself in a nursing home. He should not be required to depend

upon public assistance or to go to the county home in order to pay for his wife's support in the State hospital, particularly when it is considered that the Commonwealth can present a claim against his estate for the balance due it at the time of his death. It would seem that under all the circumstances of this case a reasonable provision for the support and maintenance of the wife, considering the husband's ability to pay, would be that the sum of $1,000 of the proceeds of the sale should be paid to the prothonotary to be paid to the Commonwealth upon presentation of bills for the support and maintenance of the wife, after making allowance for the Social Security payments due to the wife, the balance, if any, remaining at her death to be repaid to the husband or to his estate. It will be so ordered.

And now, June 8, 1959, the court finding that Sarah C. Wilson is non compos mentis, and that her husband, Harry S. Wilson, is seized and possessed of real estate in his own right, as described in the petition in this case, and it appearing to the court that it is to his interest that the same should be sold to Boyd Sipes for the sum of $5,000, it is ordered and decreed that the said Harry S. Wilson be authorized and directed to proceed to sell and convey said real estate to Boyd Sipes for the sum of $5,000 without the joinder of his wife in the conveyance, and that such sale shall divest premises from any estate or claim of dower. Of the purchase price the sum of $1,000 shall be paid to the prothonotary of Fulton County who shall pay therefrom such amounts as may be due the Commonwealth of Pennsylvania from time to time for the support and maintenance of the said Sarah C. Wilson, after making allowance for Social Security payments paid on account of the said Sarah C. Wilson, the balance, if any, remaining after her death to be paid to Harry S. Wilson or to his estate.