J-S54008-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| J.P.W., JR., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| A.N.H., | |
| Appellant | No. 191 WDA 2016 |

Appeal from the Order Entered January 6, 2016
In the Court of Common Pleas of Washington County
Civil Division at No(s): No. 2010-10883

BEFORE:  BENDER, P.J.E., OTT, J., and MUSMANNO, J.

MEMORANDUM BY BENDER, P.J.E.:                **FILED AUGUST 24, 2016**

A.N.H. (Mother) appeals from the January 6, 2016 order that denied and dismissed her modification petition that requested a change in the custody of A.J.W. (Child), born in November of 2010, the son of Mother and J.P.W., Jr. (Father).

As explained by the trial court, the parties have litigated the custody of their son and related matters from shortly after Child's birth.  This latest order on appeal denied and dismissed Mother's custody modification petition without a hearing.  Mother filed a timely appeal and a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(a0(2)(i) and (b).  She raises the following issues for our review:

> I.  Whether the trial court committed an error of law by finding that Mother was required to aver a substantial change in circumstances in order for Mother to request a modification of a custody order and by denying Mother's Petition for Modification

of Custody without a hearing to determine if said modification would be in the best interest of the child pursuant to 23 Pa.C.S. [§] 5338(a)[?]

II. Whether the trial court committed an error of law by denying Mother a hearing on her Petition for Modification which violated Mother's procedural due process rights under the United States Constitution and Pennsylvania Constitution[?]

Mother's brief at 4.

In addressing the type of issues raised in this appeal, we are guided by the following:

In reviewing a custody order, our scope is of the broadest type and our standard is abuse of discretion…. Ultimately, the test is whether the trial court's conclusions are unreasonable as shown by the evidence of record. We may reject the conclusions of the trial court only if they involve an error of law, or are unreasonable in light of the sustainable findings of the trial court.

*M.O. v. J.T.R.*, 85 A.3d 1058, 1061 (Pa. Super. 2014).

We have reviewed the pertinent parts of the certified record, the briefs of the parties, the applicable law, and the thorough opinion authored by the Honorable John F. DiSalle of the Court of Common Pleas of Washington County, dated March 9, 2016. We conclude that Judge DiSalle's well-reasoned opinion correctly disposes of the issues presented by Mother on appeal and we discern no abuse of discretion or error of law. Accordingly, we adopt Judge DiSalle's opinion as our own and affirm the January 6, 2016 order on that basis.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/24/2016

IN THE COURT OF COMMON PLEAS OF WASHINGTON COUNTY, PENNSYLVANIA

CIVIL DIVISION

J.P.W., Jr.,

~~[redacted]~~

      Plaintiff,

vs.

A.N.H.,

~~[redacted]~~,

      Defendant.

)
)
)
)
)
)
)
)
)
)

191 WDA 2016

No. 2010-10883

ENTRY OF OPINION, (ORDER,) DECREE,
ADJUDICATION OR JUDGMENT FILED 3-9-16

MAILED 3-10-16

OPINION    TO Stephanie Anderson

This is an appeal from the order of the trial court dated January 6, 2016, denying and

dismissing the petition for modification of custody filed by Mother, defendant ~~[redacted]~~ *A.N.H.*

("Mother"), seeking the modification of the custody order dated March 25, 2014, regarding the

custody of the parties' minor child, A.J.W.,[1] now age five (born November ● 2010). The final

custody order of March 25, 2014 was entered after nearly four years of litigation over the

custody of A.J.W. Mother filed a timely appeal from the final custody order, which was

affirmed by the Superior Court.[2] Less than nine months after Mother's application for

reargument was denied, she presented the instant petition for modification of custody. Upon

consideration of the petition for modification, the trial court entered its order of January 6, 2016,

---

[1] The child's name was changed from A.W.H., the surname of Mother's ex-husband, to A.J.W., Father's surname, over Mother's objection, by order dated October 30, 2012, pursuant to the petition for name change filed by Father docketed at No. 2011-4793. Mother filed an appeal to the Superior Court on October 30, 2012, docketed at number 1682 WDA 2012. The Superior Court affirmed the name change by order dated March 21, 2014, and Mother applied for reargument. Reargument was granted by order dated May 19, 2014, and the order changing the Child's last name to Father's name was affirmed by order dated April 17, 2015. Mother filed a Petition for Allowance of Appeal to the Supreme Court, docketed at number 184 WAL 2015, which was denied by order dated December 17, 2015.

[2] Mother's appeal is docketed at number 646 WDA 2014; this Court affirmed the final custody order by its order dated January 14, 2015; Mother filed an Application for Reargument to the Superior Court, which was denied by order dated March 3, 2015.

1

denying the petition without a hearing. From this order, Mother filed a timely appeal to the Superior Court of Pennsylvania.

Procedural History:

Father, J. P. W., Jr., ~~████████████████~~. ("Father") filed the Complaint for Custody herein on December 21, 2010, seven weeks after A.J.W. was born. Following years of contentious court proceedings and multiple days of custody hearings before the trial court, which included the testimony and reports of custody evaluators as expert witnesses, the trial court entered the custody order of March 25, 2014, awarding sole legal custody of A.J.W. to Father and shared physical custody of the Minor Child to both parents.

Mother filed a timely appeal to the Superior Court of Pennsylvania, docketed at number 646 WDA 2014, and by order dated January 14, 2015, the Superior Court affirmed the custody order of March 25, 2014. Mother filed an Application for Reargument to the Superior Court, which was denied by order dated March 3, 2015.

By order dated December 19, 2014, Mother was found in contempt of the custody order of March 25, 2014, for acting adversely to the Child's best interests by continuing to claim to representatives of his school and to health care providers that he was autistic and developmentally delayed when there was no evidence of this, and it was contrary to the reports of the medical providers. Mother filed an appeal of this order to the Superior Court, docketed at number 170 WDA 2015, and by order dated October 29, 2015, the Superior Court affirmed the trial court's order. On November 30, 2015, Mother filed a Petition for Allowance of appeal to the Supreme Court of Pennsylvania, at docket number 465 WAL 2015, which was denied on January 20, 2016.

Mother then presented to the trial court her Petition for Modification of the Child's custody order which alleged no change in circumstances of the Child's custody. On January 6, 2016, the trial court entered its order denying Mother's petition without hearing.

## Legal Analysis:

In her Petition for Modification, Mother alleged no change whatsoever in the circumstances of the Child's custody, rather, Mother's petition merely "avers that there is no reason that the parties cannot enjoy an equally shared custody schedule" and that "Mother desires to have her legal custody rights restored."[3] The trial court found the petition insufficient to warrant the re-litigation of the long, contentious custody battle which has consumed the Child's entire life thus far. The custody order which Mother seeks to modify has been in effect for less than two years, and has not yet been given a chance to establish a pattern or any continuity in the Child's life. The Child has not had the opportunity to complete pre-school under the current order without Mother's interference. Furthermore, Mother has demonstrated ʾın an ability to act in the Child's best interests and to comply with the current order, and had been Λ sanctioned for her contempt just prior to her modification request.

On appeal, Mother raises the following issues in her concise statement of matters complained of:

1. "The Trial Court committed an error of law by denying Mother's Petition for Modification of Custody without a hearing to determine if said modification would be in the best interest of the child pursuant to 23 Pa.C.S.A. §5338(a)."

2. "The Trial Court committed an error of law by denying Mother's Petition for Modification of Custody by finding that Mother was required to aver a substantial change in circumstances in her Petition for Modification."

---

[3] Petition for Modification, ¶s 4 and 5.

3

3. "The Trial Court committed an error of law by denying Mother a hearing on her Petition for Modification which violated Mother's procedural and substantive due process rights under the United States Constitution and Pennsylvania Constitution."[4]

Beginning with the second issue of error set forth above, Mother seems to claim that the trial court applied the wrong standard in denying Mother's petition for modification, because the trial court required Mother to "aver a substantial change in circumstances." This issue is without merit as this simply was not the court's reasoning.

In its order denying Mother's modification petition, the trial court noted that Mother alleged no change of circumstances whatsoever, and citing *Daniel K.D. v. Jan M.H.* 301 Pa.Super. 36, 446 A.2d 1323 (1982), stated:

> The first inquiry in a custody modification proceeding is whether, since the entry of the existing custody order, there has been a substantial change in circumstances that would justify a court's reconsideration of the custody disposition.
>
> "'To permit a party to relitigate a subject of relative fitness of parents to have custody of children by an inquiry into the same or other facts existing at the time of or prior to the former decree would lay a foundation for interminable and vexatious litigation . . .'"

*Daniel K.D. v. Jan M.H.* 301 Pa.Super. 36, 40, 46, 446 A.2d 1323, 1324-25 (1982), note 2, citing *Commonwealth ex rel. O'Hey v. McCurdy,* 199 Pa.Super 22, 24, 184 A.2d 290, 291 (1962) (quoting *Commonwealth ex rel. Crawford v. Crawford,* 170 Pa.Super. 151, 154, 84 A.2d 237, 238 (1951); *Commonwealth ex rel. Zaubi v. Zaubi,* 275 Pa.Super. 294, 418 A.2d 729 (1980), aff'd on other grounds, 492 Pa. 183, 423 A.2d 333 (1981).

However, the standard for modification, as codified by section 5338 of the Child Custody Act, is that the "court may modify a custody order to serve the best interest of the child."[5] This is in fact

---

[4] Mother's "Concise Statement of Errors Complained of on Appeal Pursuant to Pennsylvania Rule of Appellate Procedure 1925(a)(2)(i)" ¶s 1 through 3.
[5] 23 Pa.C.S.A. § 5338.

4

the standard applied by the trial court in its denial of Mother's modification request, as noted in its findings. The trial court expressly found that:

> **The Child's best interests would not be served by re-litigating the custody order and Mother's desire to do so is rife with potential harm to the Child, and only demonstrates her continued disregard for the Child's health, safety, welfare and best interests.[6]**

The trial court further reiterated its findings from the final custody order of March 25, 2014, "that Mother is unwilling to cooperate with Father on the most basic level, that Mother refuses to accept the diagnoses of the Child's medical providers, refuses to accept the recommendations of the custody evaluators, and that Mother refuses to co-parent with Father."[7]

The comment to the modification section of the Child Custody Act, 23 Pa.C.S.A. § 5338(a), notes the reasoning behind the original 2010 change in the law (effective January 24, 2011), citing the standard used by the Supreme Court of Pennsylvania in *Karis v. Karis*, 518 Pa. 601, 544 A.2d 1328 (1988) (holding "a petition for modification of a partial custody to shared custody order requires the court to inquire into the best interest of the child regardless of whether a 'substantial' change of circumstances has been shown"). This standard was also used in *McMillen v. McMillen*, 529 Pa. 198, 602 A.2d 845 (1992).

While some courts have continued to require a showing of a substantial change in circumstances alongside a review of the best interests of the child, following *Karis* and *McMillen, see Gianvito v. Gianvito*, 975 A.2d 1163 (Pa. Super. 2009), given the statutory changes made in the 2010 codification of 23 Pa.C.S. § 5338, it appears that the only controlling standard remaining is that of the "best interests of the child." However, the burden of showing

---

[6] Order dated January 6, 2016 at page 4.

[7] Order dated January 6, 2016 at page 3.

that a modification is in the best interest of a child still lies upon the party seeking that modification. *Johns v. Cinci*, 865 A.2d 931 (Pa. Super. 2004). *See also* Pa. R.C.P., No. 1915.15(b) (providing a form for a Petition to Modify a Custody Order containing a section in which to assert the reasoning for the proposed modification).

Mother's petition for modification raised no issues which had not been previously considered by the trial court during the custody proceedings in March of 2014, and as noted, alleged no change in circumstances whatsoever:

4. "The parties live very close to each other and Mother believes and avers there is no reason that the parties cannot enjoy an equally shared custody schedule."

5. "Additionally, Mother desires to have her legal custody rights restored."

6. "Mother believes a modification is in the child's best interest to-wit

(a) Mother is able to provide for the education, psychological, spiritual, emotional and physical needs of the child.

(b) Mother has been the parent who has been the primary caretaker for the child throughout the greatest portion of the life of said child.

(c) It is essential to the child's proper development, stability and general welfare that the Mother be permitted to maintain an ongoing normal and meaningful relationship with the child.

(d) It is in the child's best interest that Mother be permitted to provide the child with continuing love, attention, guidance, training and education.

(e) It is in the child's best interest that Mother take an active and appropriate role in the child's life.

6

(f) It is in the child's best interest that Mother be permitted to provide the child with the care, supervision and stability that are necessary for the child's physical and emotional development."[8]

All of these averments are factors that were considered by the trial court in issuing the final custody order of March 25, 2014.

Moreover, the trial court expressly found in the custody order that "Mother continues to claim that the child has special needs, particularly 'autistic features,' and that the child has developmental delays, although the medical evidence shows the contrary" and that "Mother refuses to accept the provider's reports that the child is no longer developmentally delayed."[9] Despite the clear medical evidence to the contrary, Mother continued to tell the Child's school officials and others that he was developmentally delayed and autistic. After hearings on Father's motion for special relief, the trial court on December 14, 2014, had to order Mother to cease and desist from telling others that the Child was autistic. As noted in the trial court's opinion after Mother's appeal:

> Dr. Foley (the Child's pediatrician) testified that he never thought that the Child had any signs of being autistic, that he did not know why Mother would say the Child was autistic since there is no indication that he is,[10] that all of the Child's developmental milestones were appropriate for his age, and that he is a "normal, healthy, four-year old child."[11] Despite having heard these medical professionals testify in court, particularly Dr. Foley, who has been treating the Child since birth, Mother continues to insist that the Child is autistic.
>
> The trial court expressly found that Mother's refusal to accept the medical testimony and her behavior in this regard is detrimental to the welfare of the Child. Nevertheless, Mother wants to litigate this issue and assert her First Amendment constitutional rights at the expense of her Child's well being.

---

[8] Mother's Petition for Modification of a Custody Order, ¶s 4 – 6.
[9] Final Custody Order dated March 25, 2014, ¶ 7, p. 10.
[10] Hearing transcript, November 21, 2014, p. 12.
[11] *Id.* at p. 16.

7

As noted above, Mother filed an appeal from this "cease and desist" order to the Superior Court, docketed at number 170 WDA 2015, and by order dated October 29, 2015, the Superior Court affirmed the trial court's order. On November 30, 2015, Mother filed a Petition for Allowance of appeal to the Supreme Court of Pennsylvania, docketed at number 465 WAL 2015, and by order dated January 20, 2016, the petition was denied.

As stated, not only has Mother failed to aver any changes in the Child's circumstances which would warrant modification or reconsideration, Mother has made no offer to change her own behavior. Rather, Mother merely has reiterated her desire to continue the litigation and the discord over her Child's custody. The trial court finds Mother's behavior detrimental to the best interest of the Child, and to his health, safety and welfare.

The first and third issues raised by Mother assert her constitutional challenge that the trial court's failure to conduct a hearing on the petition for modification "violated Mother's procedural and substantive due process rights under the United States Constitution and Pennsylvania Constitution."[12] The trial court finds it ridiculous that, after all the extensive litigation, the pleadings, hearings and appeals that have been conducted with respect to her Child, Mother could assert that she has been denied her constitutional right of due process.

In any case, no existing authority appears to directly address whether a party is entitled to a hearing on a petition to modify a custody order prior to its dismissal. The only cases addressing the necessity of a hearing appear to narrowly hold only that a hearing is required prior to any actual modification of the substantial terms of the custody order. Specifically, the Superior Court in *M.O. v. J.T.R.*, 85 A.3d 1058 (Pa. Super. 2014) held that the trial court need not discuss or delineate the 16 factors in determining what is in the "best interest of the child" or provide

---

[12] Mother's "Concise Statement of Errors Complained of on Appeal Pursuant to Pennsylvania Rule of Appellate Procedure 1925(a)(2)(i)" ¶s 1 and 3.

8

reasons on the record for its decision as stated under section 5323(d) of the Child Custody Act (relating to an award of custody), when the court is **not** making an award of custody. It thus seems to follow, logically, that if the court is not making or modifying an award of custody, that it is not required to conduct a hearing on the petition. This is particularly appropriate here, where the moving party has failed to assert any change, or anything that has not been previously considered by the trial court or the Superior Court. Moreover, Mother, as the petitioner, failed to articulate how the proposed modification would be in the best interest of the child.

As discussed above, the burden of showing that a modification is in the best interest of a child is incumbent upon the party seeking that modification. *Johns v. Cinci*, 865 A.2d 931 (Pa. Super. 2004). *See also* Pa. R.C.P., No. 1915.15(b) (providing a form for a Petition to Modify a Custody Order containing a section in which to assert the reasoning for the proposed modification). Mother apparently believes that she is entitled to re-start the custody proceedings just for the asking. Certainly, the Custody Act, the Rules of Civil Procedure and the appellate precedents do not permit the modification of a custody disposition merely upon the finality of the previous custody order.

The litigation of this Child's custody has already been contentious and vexatious thus far. To permit Mother to begin the custody process again, especially without even an averment of a change in circumstance, would render interminable the litigation.

> It is axiomatic that the potential harm that may result from the disruption of established patterns of care and emotional bonds underscores the need for continuity, stability, and finality imparted to custody arrangements. A **modification of custody is not warranted merely because one parent is unhappy with the existing arrangement.** Thus, we repeatedly have emphasized that a party requesting modification must prove that the alteration of an existing custody arrangement is in the child's best interest. (Emphasis added).

9

See *Jackson v. Beck*, 858 A.2d 1250 (Pa.Super. 2004), citing *Myers v. DiDomenico*, 441 Pa.Super. 341, 657 A.2d 956 (1995); *McMillen v. McMillen*, 529 Pa. 198, 602 A.2d 845 (1992).

As stated above, the trial court found that the Child's best interests would not be served by re-litigating the custody order and Mother's desire to do so is rife with potential harm to the Child, and only demonstrates her continued disregard for the Child's health, safety, welfare and best interests.

This is not the first instance where Mother has asserted her constitutional rights in advance of the Child's best interests, and health, safety and welfare. As discussed above, after hearing medical evidence that the Child was not autistic or developmentally delayed, the trial court was compelled to order Mother to refrain from telling health care providers, school officials and others that he was so. Rather than accept the pediatrician's findings, which Mother refuses to do, Mother appealed from this order, asserting her First Amendment right of free speech. The Superior Court affirmed, finding that Mother's untrue statements about the Child were not constitutionally protected:

> Based on this evidence, the trial court found that Mother's untrue statements regarding Child's mental health and developmental and behavioral progress are detrimental to Child's welfare. *See* Trial Court Opinion, 3/20/15, at 3, 11. The findings and analysis of the trial court are amply supported by the competent evidence of record. *See id.* at 3-6, 9-11; *see also id.* at 11 (stating that "Mother's desire to disparage and defame her Child by telling others that he is developmentally delayed or that he is not potty trained is not constitutionally protected, and Mother's right of free speech cannot supersede the health, safety and welfare of her Child.").
>
> Additionally, we conclude that the trial court chose the least restrictive means to protect the psychological well-being of Child, by narrowly proscribing that "Mother shall cease and desist from stating to anyone or inferring that [C]hild has autism or developmental delays or other behavioral issues." *See* Trial Court Opinion, 12/24/14, at 2 (unnumbered). Based on the facts and circumstances of this particular case, we discern no error of law or abuse of discretion by the trial court, and affirm the trial court's Order as to this issue.[13]

---

[13] J.P.W., Jr. v. A.N.H., No. 170 WDA 2015, filed October 29, 2015, J-A23015-15, pp. 13-14.

10

Likewise, Mother cannot invoke her 14th Amendment right of due process to the detriment of her Child. In fact, Mother's right of due process has been exhaustively satisfied, as noted in the procedural history set forth above.[14] Mother has had her custody case litigated as much or perhaps more than any other parent. As set forth above, Mother's unhappiness with the result of the custody litigation does not warrant the modification of the current custody order. The paramount consideration is the best interest of the Child.[15] In her petition for modification Mother has offered nothing that the trial court has not previously considered, and has offered nothing which will promote the Child's health, safety or welfare, or his best interests.

Based on the foregoing, the trial court respectfully submits that the order appealed from dated January 6, 2016 should be affirmed, and that the appeal should be dismissed.

BY THE COURT:

_3/3/16_
Date

_____, J.
John F. DiSalle

---

[14] The procedural history is set forth more fully in the trial court's opinion filed August 20, 2014, docketed at No. 646 WDA 2014, after Mother appealed from the custody order.
[15] 23 Pa.C.S.A. §§ 5323(a), 5328(a).

11