Commonwealth ex rel. O'Hey *v.* McCurdy, Appellant.

Argued June 15, 1962. Before RHODES, P. J., WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (ERVIN, J., absent).

*Thomas B. Moreland Porter, Jr.,* with him *Foulke, Knight & Porter,* for appellant.

*William F. Fox,* with him *Fox, Differ, DiGiacomo & Lowe,* for appellee.

OPINION BY WRIGHT, J., September 13, 1962:

We are here concerned for the second time with a controversy between John G. McCurdy and Anne C. O'Hey, divorced parents, involving the custody of their minor children, presently aged thirteen, eleven, eight, and seven years. The case has a long procedural history, including two citations for contempt, and there is a voluminous record. By order dated February 8, 1961, the Court of Common Pleas of Montgomery County awarded custody to the mother, and granted liberal visitation rights to the father. An appeal by the father followed, and the order was affirmed. See

*Commonwealth ex rel. O'Hey v. McCurdy,* 196 Pa. Superior Ct. 79, 173 A. 2d 672, allocatur refused, 196 Pa. Superior Ct. xxix. On November 17, 1961, the father filed a petition for modification alleging "that circumstances relevant to the custody of the said children have changed", and requesting that custody be awarded to him. On January 2, 1962, the court below dismissed this petition and reaffirmed its original order, subject to a slight modification in the visitation rights. The father has again appealed.

The questions involved, as stated in appellant's brief, are concerned primarily with matters raised and passed upon in the first appeal, and do not warrant extended discussion. "To permit a party to relitigate a subject of relative fitness of parents to have custody of children by an inquiry into the same or other facts existing at the time of or prior to the former decree would lay a foundation for interminable and vexatious litigation": *Commonwealth ex rel. Crawford v. Crawford,* 170 Pa. Superior Ct. 151, 84 A. 2d 237.

The situation resulting in the original order of February 8, 1961, is set forth in the earlier opinion of Judge ERVIN, and need not be here restated. It is of course true that orders determining the custody of children are temporary in nature and subject to modification to meet changed conditions: *Commonwealth v. Bishop,* 185 Pa. Superior Ct. 362, 137 A. 2d 822. We have accordingly made a painstaking review of the testimony on the two contempt citations and the petition for modification. Essentially, the only changed circumstance is that appellant subsequently remarried, April 22, 1961. His new wife had been married previously, and has two minor daughters who now reside with her in appellant's home.[1] This is clearly not a

---

[1] According to appellant's brief: "These children were adopted by Mr. McCurdy by Decrees of the Orphans' Court of Montgomery County dated April 18, 1962".

sufficient basis for the requested change in custody. It should perhaps be noted that, before making the order of January 2, 1962, the hearing judge privately interviewed the four children who are the subjects of this dispute. In the words of Judge HONEYMAN: "The Court detected nothing from such interviews with the minors involved that would move the Court to change the basic custody in this proceeding".

In appeals of this nature, the burden is on the appellant to establish that the order of the lower court is erroneous or based on a mistake of law. Cf. *Commonwealth ex rel. Heller v. Yellin,* 174 Pa. Superior Ct. 292, 101 A. 2d 452; *Commonwealth ex rel. Lees v. Lees,* 196 Pa. Superior Ct. 32, 173 A. 2d 691. That burden has not been sustained in the case at bar. Appellant has entirely failed to demonstrate any compelling reason for modification of the original order. This matter has been accorded patient and thoughtful consideration in the court below over an extended period of time. We are all of the opinion that the existing custody status should not be disturbed.

Order affirmed.