486 A.2d 449

Kenneth L. GONZALEZ, Appellant,

v.

Mary Elizabeth GONZALEZ.

Mary E. AFF

v.

Kenneth L. GONZALEZ, Appellant.

Superior Court of Pennsylvania.

Argued October 31, 1984.

Filed Dec. 28, 1984.

4

David McGlaughlin, Media, for appellant; Kathryn L. Hilbush, on brief.

Richard C. Tinucci, Media, for appellees.

Before MONTEMURO, BECK and HESTER, JJ.

HESTER, Judge:

In this appeal, we are asked to review an Order of Court awarding custody of the parties' minor daughter, Katherine, to her mother, appellee herein. Appellant, Katherine's father, received liberal visitation rights. However, appellant seeks to be the primary custodian and thus pursues this appeal. Having closely scrutinized the record, we hereby reverse the order of the court below.

The parties were married on June 18, 1977, and Katherine was born on May 17, 1978. On August 15, 1981, the parties separated, with the mother leaving the marital abode. Katherine remained behind with her father. The mother initially moved in with her current husband's parents, and then into an apartment where her present husband joined her a short time later.

Approximately three weeks after his wife's departure in 1981, appellant filed a petition for custody. Appellee signed a stipulation dated September 21, 1981, granting custody of Katherine to her father, and requesting visitation of one weekend a month. In 1983, appellee requested and received an increase of visitation to two weekends per month.

Appellee was married in September, 1983, and immediately thereafter filed a petition seeking custody of Katherine. Two evidentiary hearings were held on May 18, 1984, and June 19, 1984. An Order was entered on June 21, 1984, awarding custody of Katherine to appellee during the school year and for approximately one-half of certain enumerated holidays. This appeal ensued.

The guiding principle in a child custody matter is to reach a decision which serves the "best interests" of the child. *Brooks v. Brooks*, 319 Pa.Super. 268, 466 A.2d 152

(1983). This interest encompasses the child's physical, intellectual, emotional, and spiritual well-being. *Commonwealth ex rel. Newcomer v. King*, 301 Pa.Super. 239, 447 A.2d 630 (1982). In order to achieve this goal, an appellate court must closely scrutinize the factual findings of the lower court. If we ascertain, on review, that those factual findings are not supported by competent evidence, said findings are not binding upon us. *Commonwealth ex rel. Springs v. Carson*, 470 Pa. 290, 368 A.2d 635 (1977) (Plurality opinion by (now Chief) Justice Nix). Of course, an appellate court has never been bound by deductions or inferences made by a trial court from the facts found. *Id.* However, where we perceive a gross abuse of discretion by the trial judge, we are duty-bound to interfere with that decision. *Id.*

Herein, appellant alleges that the lower court abused its discretion in transferring primary care of Katherine to appellee.[1] For the following reasons, we agree with appellant that the lower court abused its discretion by awarding custody to appellee.

The lower court based its decision to award custody to appellee on its finding that appellee never intended to relinquish custody of the child when she departed from the marital domicile. She permitted the child to remain with appellant because she was uncertain as to her immediate plans, and she was unable to afford proper care, insurance, and a home for Katherine. The court concluded that appellee had finally established a stable and strong home environment which best served the interest of the child.

We hold that the evidence fails to support the lower court's conclusion. Our review of the record convinces us that appellee fully intended to relinquish custody of her child to appellant when she departed in August, 1981. At that time, she was employed fulltime, earning $15,000.00

---

1. Appellant also argues that the opinion of the lower court contains insufficient reasons and justification for its order, and warrants a remand for further findings. However, in light of our disposition, we need not address that issue.

and owned an automobile. Her husband was earning $14,-400.00. She immediately entered into an agreement awarding custody of Katherine to appellant, and adhered to that agreement for two years. Appellee's sister testified that appellee stated the reason she left her husband was to "have some fun" and that appellee thought the child would be better off with appellant. These facts evince a settled intent on the part of appellee to relinquish her custodial control over Katherine.

■ In cases of existing custody agreements, the party seeking to modify that agreement must meet the burden of proving a substantial change of circumstances which would warrant such a change. *English v. English*, 322 Pa.Super. 234, 469 A.2d 270 (1983); *Daniel K.D. v. Jan M.H.*, 301 Pa.Super. 36, 446 A.2d 1323 (1982). Once that substantial change is proven, however, both parents share equally the burden of establishing with which parent the child's interests would be best served. *Id.*

Herein, appellee has remarried and currently resides in a single residence dwelling situated on a one and one-half acre tract in Schwenksville, Pennsylvania. Appellee submits that her present lifestyle and environment reflect a substantial change of circumstances which justifies an award of custody to her.

■ However, as stated above, the scope of inquiry remains a determination of which placement would best serve the child. One vitally important factor to be considered is the effect upon the child of her removal from a known physical environment with an established parental figure.

■ This Court has repeatedly recognized that a child "becomes strongly attached to those who stand in parental relationship to it and who have tenderly cared for it." *Commonwealth ex rel. Jordan v. Jordan*, 302 Pa.Super. 421, 425, 448 A.2d 1113, 1115 (1982), quoting *Commonwealth ex rel. Children's Aid Society v. Gard*, 362 Pa. 85, 97, 66 A.2d 300, 306 (1949). When a child receives love, guidance, companionship, and direction from a parent on a

consistent basis, a firm foundation is being laid for the child's future healthy development. *Id.* The need for a sense of continuity can, in certain cases, be controlling in the custodial decision. *English v. English, supra* 322 Pa. Super. at 240, 469 A.2d at 273; *Hugo v. Hugo,* 288 Pa.Super. 1, 430 A.2d 1183 (1981).

■ The lower court, in awarding custody to appellee, failed to consider the impact of such a move upon the child. The father's ability to provide loving care for the child, as proven by his successful record of parenting Katherine for the last three years, was unquestioned. Although there was some discussion about an incident where Katherine contracted lice, we cannot conclude that this isolated incident adversely reflected upon appellant's ability to care for the child, especially in view of his immediate treatment of this condition.

In the past three years, the father tended to Katherine's physical needs and exhibited love, affection and concern for the well-being of his daughter. Immediately after appellee departed, appellant engaged the services of a child psychiatrist to alleviate Katherine's emotional distress. Katherine experienced recurring nightmares, constant crying, and a fear that her father would also leave her and not return. Appellant spends all of his leisure time with his daughter, pursuing activities suitable for a child her age. The Parenting Institute, an organization comprising approximately 20,-000 parents, recently recognized appellant as an outstanding single parent. He was chosen as "parent of the week" and received a regional family award. Finally, appellant expressed a firm belief that Katherine needed stability in her life and that removing her from his custody could lead to emotional trauma and a sense of insecurity in her young life.

The trial judge conceded that both parties were fit parents. At one point he stated that he had "no cause for concern as to the character or fitness of the respective parents in this case, of their respective abilities to adequately care for the child, or of their respective abilities to

financially provide for the child." The lower court further opined that it was not dissatisfied with the school and child care arrangements made by appellant.

■ In such cases, the trial court *must* give positive weight to the parent who has been the primary caregiver. See *Hugo v. Hugo,* 288 Pa.Super. 1, 430 A.2d 1183 (1981). However, this well-enunciated legal principle was not considered by the lower court.

■ Finally, Katherine expressed a strong preference for remaining with her father. Although the preference of a young child is not controlling, it does constitute an important factor which must be carefully weighed in reaching the custodial decision. *In re Custody of Pearce,* 310 Pa.Super. 254, 261, 456 A.2d 597 (1983). In response to questioning by the court, Katherine stated repeatedly, "I want to live with Daddy.... Because I love my daddy and I want to stay with him." Moreover, Katherine made it clear that she did not care for her mother's husband, although she did express affection for her father's girlfriend.

■ A similar situation was before this Court in *In re Custody of Pearce, supra.* Therein, custody of three year old Tara was transferred from her mother, with whom she had resided since birth, to her father, in spite of her desire to remain with her mother. On appeal, we reversed, having observed:

> The record indicates that both parties are fit parents and can provide a suitable home for Tara. Therefore, in this case maintenance of the status quo, along with Tara's strong preference for remaining with [her mother] should have been decisive.

*Id.,* 310 Pa.Superior Ct. at 262, 456 A.2d at 601. We find this reasoning persuasive and applicable to the case at bar.

Accordingly, we hold that the lower court's inferences are not supported by the facts; thus, its decision to award custody of Katherine to appellee constitutes an abuse of discretion. The best interests of the child will be served by returning her to the custody of her father. We reverse and

remand to the trial court and direct that court to enter an order in accordance with this opinion. The trial court may establish appropriate provisions for partial custody for appellee.

This order granting custody to appellant is, of course, subject to the right of either party to seek a modification of the order and to present evidence to the trial court of a substantial change in circumstances since the date of the last evidentiary hearing.

Jurisdiction is relinquished.

BECK, J., concurred in the result.