488 A.2d 1155

**Russell N. BURR, Appellant,**

v.

**Jane E. MORGART, Appellee.**

Superior Court of Pennsylvania.

Argued Nov. 9, 1984.

Filed Feb. 22, 1985.

342

Scott L. Kelley, Hanover, for appellant.

Neil Hurowitz, King of Prussia, for appellee.

Before WICKERSHAM, WIEAND and DEL SOLE, JJ.

WIEAND, Judge:

This is an appeal from an order refusing to alter a prior agreed order awarding primary custody of a female child to her mother. The order appealed from was entered following hearing on the father's petition alleging a "severe change of circumstances" within the two year period following entry of the agreed order. The hearing court found, however, that there had been no substantial change in circumstances and dismissed the petition. We affirm.

The custody proceedings had their inception when, on June 18, 1979, Jane E. Burr Morgart filed a petition seeking an order confirming custody of her daughter, Corinne Burr. The child, who was then three years of age, had been living with her mother following the mother's divorce from Russell Burr in 1977. On October 24, 1979, an order was entered which granted rights of visitation to the father. On March 16, 1981, the father filed a petition seeking full custody of his daughter. No hearings were held, however, and on January 27, 1982 an agreed order was entered which provided that custody was to be "on a co-parenting basis with the primary custody in the mother, and the secondary custody in the father ..." The order also included a lengthy and detailed schedule of visitations and shared custody. On April 21, 1983, the father filed his petition alleging a change in circumstances and seeking sole custody of his daughter, then seven years of age. On October 25, 1983, the hearing court interviewed Corinne and found her to be a bright, precocious and articulate child. She asserted a preference to live with her father, his wife (her stepmother) and her stepbrother. On the following day a hearing was held to determine whether there had been a change in circumstances following the earlier, agreed order. At the conclusion of the hearing, the court found that there had been no substantial change in circumstances and dismissed the petition. The father appealed.

The threshold question in any proceeding to modify a prior custody order is whether there has been a substantial change in circumstances following entry of the prior order so as to require reconsideration of the custody issue. *Daniel K.D. v. Jan M.H.*, 301 Pa.Super. 36, 40, 446 A.2d 1323, 1324–1325 (1982). The burden of proving this substantial change is upon the party seeking to modify the custody order. *English v. English*, 322 Pa.Super. 234, 238–240, 469 A.2d 270, 272 (1983). "To permit a party to relitigate [the] relative fitness of parents to have custody of children by an inquiry into the same or other facts existing at the time of or prior to the former decree would lay a

foundation for interminable and vexatious litigation."
*Commonwealth ex rel. O'Hey v. McCurdy,* 199 Pa.Super.
22, 24, 184 A.2d 290, 291 (1962) quoting *Commonwealth ex
rel. Crawford v. Crawford,* 170 Pa.Super. 151, 154, 84 A.2d
237, 238 (1951). The reasons for the rule requiring a
substantial change in circumstances are no less viable be-
cause the prior custody order was entered without hearing
and pursuant, to agreement of the parties.

Appellant contends that the changed circumstances in
this case included (1) the appellee-mother's alleged promis-
cuity; (2) the appellee-mother's remarriage in November,
1982; and (3) Corinne's unprompted, voluntary and sponta-
neous expression of a desire to live with her father.

■ The only testimony regarding the mother's promiscu-
ity came from Corinne and pertained to a single incident
with a male friend of her mother. Appellee denied it. The
custody court concluded that, in any event, it was not a
factor requiring a reconsideration of the prior order, for it
did not have any adverse effect upon the welfare of the
child. This is supported evidentially by the record and is a
correct application of the law. See: *Commonwealth ex rel.
Myers v. Myers,* 468 Pa. 134, 360 A.2d 587 (1976); *Com-
monwealth ex rel. Grimes v. Grimes,* 281 Pa.Super. 484,
422 A.2d 572 (1980).

■ Similarly, the hearing court could properly conclude
that the mother's remarriage was not a substantial factor
requiring reconsideration of the prior custody order. Al-
though the effect of the remarriage upon Corinne was
disputed, the hearing court found that it did not affect the
ability of the mother to nurture, care for, and maintain a
stable environment for Corinne's continued growth and
development. Corinne had been with her mother continu-
ously since birth, and the mother had always been the
primary caretaker. This was an important consideration.
See: *Hartman v. Hartman,* 328 Pa.Super. 154, 476 A.2d
938 (1984); *Brooks v. Brooks,* 319 Pa.Super. 268, 466 A.2d

152 (1983); *Commonwealth ex rel. Newcomer v. King*, 301 Pa.Super. 239, 447 A.2d 630 (1982). The court could properly conclude that this relationship between mother and daughter had not been impaired by the mother's remarriage. Similarly, there was no reason to believe that the relationship between Corinne and her father would not continue to prosper merely because of her natural mother's remarriage.

The weight to be given a child's preference is to be determined by the trial judge who sees and hears the child. *Commonwealth ex rel. Grimes v. Grimes, supra,* 281 Pa.Super. at 494, 422 A.2d at 577. Accord: *In re Davis,* 288 Pa.Super. 453, 466, 432 A.2d 600, 606–607 (1981). This depends to a great extent upon the age, maturity, and intelligence of the child. *Albright v. Commonwealth ex rel. Fetters,* 491 Pa. 320, 327 n. 4, 421 A.2d 157, 160 n. 4 (1980). The determination must be made on a case by case basis. Although a child's preference should be carefully considered, it is not controlling. *Commonwealth ex rel. Bankert v. Children's Services,* 224 Pa.Super. 556, 562, 307 A.2d 411, 415 (1973).

Corinne's preference for her father included a desire to be with her stepmother and four year old stepbrother, a desire to take ballet lessons provided by her father, her fondness for the garden and a pony which were available for her use at her father's home, and a desire to attend school in Littlestown where her father resided. These are certainly factors important to a child, and we do not belittle their significance when we defer to the discretion of the trial judge who found that "it was not unnatural that she should make some expressions of preference based upon childlike reasonings; as, for example, having the availability of a pony." There was no abuse of discretion in the court's conclusion that Corinne's expressed preference to live with her father did not alter or detract from the adequate care

she was receiving under and according to the terms of the prior award of custody.

The order is affirmed.