496 A.2d 1244

**Edward Thomas PARKER, Appellant,**

v.

**Lynn Marie Parker MacDONALD.**

Superior Court of Pennsylvania.

Argued May 23, 1985.

Filed Aug. 9, 1985.

554

Arnold Machles, Philadelphia, for appellant.

Anthony J. DeFino, Philadelphia, for appellee.

Before: CAVANAUGH, CIRILLO and HESTER, JJ.

HESTER, Judge:

This is an appeal from an Order of the Court of Common Pleas of Philadelphia County which awarded shared custody to the parties of their minor child. Father appellant argues that this order, which represents a change from the pre-existing custody order, was based upon insufficient evidence to establish a substantial change of circumstances. Mother appellee contends that this appeal is interlocutory and should be quashed.[1]

---

1. This contention was raised earlier by appellee in a motion to quash, which was denied by this court without prejudice to raise the issue on appeal. Appellee thereafter filed a petition for review of that denial in the Supreme Court, which has not yet acted upon that petition. We refused to stay these proceedings, per appellee's request, until the disposition of her petition before the Supreme Court.

Before addressing the issues raised in this appeal, a recitation of the factual and procedural history is necessary. The parties were married on June 17, 1979, and Brian Parker was born on March 24, 1980. In December, 1982, the parties separated, and were ultimately divorced on April 11, 1984. While married, they resided in Philadelphia. Upon their separation, appellee moved to Florida to seek employment. Pursuant to an understanding between the parties, until appellee was in a position to maintain continuing custody of Brian in Florida, the child would reside with appellant in Philadelphia. Several months later, the parties filed cross-petitions for custody. Following a full hearing in October, 1983, the court entered an award of shared custody to the parties, with physical custody vested in appellant, and specified periods of visitation awarded to appellee.

Appellee remarried in April, 1984, terminated her employment as an executive secretary, and filed a petition seeking primary custody of Brian in June, 1984. A hearing was held on appellee's petition and, by Order dated November 14, 1984, the lower court awarded shared custody of Brian to the parties,[2] with appellant having primary custody until December 28, 1984, then primary custody shifting to appellee until April 15, 1985, then to appellant until August 1, 1985, when the child is to be returned to appellee.

Initially, we will discuss appellee's Petition to Quash this appeal.[3] Appellee contends that jurisdiction does not exist in this matter pursuant to 42 Pa.C.S.A. § 742 by reason that said Order of the lower court is not a final order as contemplated by this statute.[4] Rather, appellee asserts that the challenged order is interlocutory in nature, does not

2. The lower court also ruled upon a Petition for Contempt, filed by appellant in September, 1984, when appellee failed to return the child from a scheduled visit in a timely fashion. Appellee was found in contempt and was reprimanded by the lower court.

3. Appellant does not address this Petition in his brief.

4. This section provides:
 The Superior Court shall have exclusive appellate jurisdiction of all appeals from final orders of the court of common pleas....

give rise to an interlocutory appeal as of right, *see* Pa.R. A.P. 311, and that appellant has failed to satisfy the requirements of Pa.R.A.P. 1311, which outlines the steps to be followed when seeking an interlocutory appeal by permission.[5]

Appellee contends this appeal is not final in light of the language used by the trial judge in his order.

> In view of the anticipated changes in the father's residence and the child's enrollment in school in September, 1985, our Order is tailored to meet present circumstances and subject to review, unless the parties come to their own agreement, close to the time when the anticipated changes shall occur.

He further stated:

> Unless the parties come to an agreement in the interim, this Court shall entertain an application for review during the month of July, 1985, with regard to the child's enrollment in school and schedule of custody.

Initially, we note that it is incumbent upon this Court to determine whether an appeal is properly before it. *Huber v. Huber*, 323 Pa.Super. 530, 470 A.2d 1385 (1984). It is well settled that an appeal properly lies only from a final order unless otherwise permitted by statute. *Waddell v. Trostel*, 336 Pa.Super. 527, 485 A.2d 1208 (1984). A final order has been defined as one which effectively ends litigation or disposes of the entire case. *Indiana County Hospital Authority v. McCarl's Plumbing & Heating Co.*, 344 Pa.Super. 226, 496 A.2d 767 (1985); *Praisner v. Stocker*, 313 Pa.Super. 332, 459 A.2d 1255 (1983).

---

5. Pa.R.A.P. 311 provides that an appeal may be taken as of right from those orders specifically listed therein, including those affecting judgments, attachments, change of criminal venue or venire, injunctions, new trials, partition, or any order made appealable by statute or general rule.

Pa.R.A.P. 1311(b) states that permission to appeal from an interlocutory order "may be sought by filing a petition for permission to appeal with the prothonotary of the appellate court within 30 days after entry of such order in the lower court. . . ."

■ We agree with appellee that the current posture of this case would prevent us from entertaining this appeal if it were an interlocutory order. However, we are unable to conclude that the Order of November 14, 1985, lacks finality. Concededly, the lower court by its own terms provided for review of its order in July, 1985, *but only upon application* for such review by either party. This case was not scheduled for subsequent review by the lower court. Rather, the court below encouraged the amicable resolution of the custody of their son by the parties themselves. If the parties reached an agreement, it is possible that further court intervention would not be required. Thus, the Order of November 14, 1984, effectively ended the litigation, and constituted a final order appropriate for review.

Moreover, the challenged Order disposed of the parties' rights to custody during the period between November, 1984, and July, 1985, and thereafter unless and until a petition for re-examination of custody is filed by one of the parties. We conclude that the Order has sufficient aspects of finality to be appealable. The motion to quash is therefore denied.

■ Finally, we wish to note that custody orders are unique and never final. *In re Custody of Pearce*, 310 Pa.Super. 254, 456 A.2d 597 (1983). Child custody orders are temporary in nature and always subject to change if new circumstances affect the welfare of a child. *Commonwealth ex rel. Beemer v. Beemer*, 200 Pa.Super. 103, 188 A.2d 475 (1962). The Commonwealth has a duty of paramount importance, to protect the child's best interests and welfare. To that end, it may always entertain an application for modification and adjustment of custodial rights. *Friedman v. Friedman*, 224 Pa.Super. 530, 307 A.2d 292 (1973). The lower court, by including the above-cited language in its Order, was merely recognizing the fact that Brian's entrance into an academic program would provide a sufficient basis for a re-evaluation of his custodial placement, absent an agreement between the parties.

■ Turning to appellant's argument, he contends that the lower court erred in granting appellee's petition for modification of a custody order when appellee presented insufficient evidence to warrant such a change. In cases of existing custody orders, the party seeking to modify that award must meet the burden of proving a substantial change of circumstances which would justify a change. *Hartman v. Hartman,* 328 Pa.Super. 154, 476 A.2d 938 (1984); *English v. English,* 322 Pa.Super. 234, 469 A.2d 270 (1983). Once that substantial change is proven, however, both parents share equally the burden of establishing with which parent the child's interests would be best served. *Gonzalez v. Gonzalez,* 337 Pa.Super. 1, 486 A.2d 449 (1984).

■ The overriding goal in any child custody matter is to render a decision encompassing the "best interests" of the child. *Gonzalez v. Gonzalez, supra.* This term has been defined as including the child's physical, intellectual, moral and spiritual well-being. *Hartman v. Hartman, supra.* To achieve this goal, an appellate court must closely scrutinize the factual findings of the lower court. *Commonwealth ex rel. Robinson v. Robinson,* 505 Pa. 226, 478 A.2d 800 (1984). If those findings support the trial court's factual conclusions, we may not disturb the result. Only if those conclusions are unreasonable in light of the court's findings, and thus, represent a gross abuse of discretion, may we interfere with them. *Id.,* 505 Pa. at 237, 478 A.2d at 806.

The lower court determined that substantial changes in circumstances had occurred herein. Since the original custody order of October 21, 1983, which the lower court characterized as an award of shared custody tailored to accommodate the needs of the child, appellee has remarried and terminated her employment. Her lifestyle is now viewed by the trial court as stable and permanent. She and her present husband occupy a home with sufficient space to accommodate Brian. Her husband has indicated his willingness to accept the child as part of their family and appears to enjoy a good relationship with him. The court found

sufficient evidence to indicate that Brian has enjoyed the time spent with his mother in Florida and feels comfortable being there.

When rendering the original custody award in October, 1983, the trial court concluded that both parents love their child and that each is competent to care for him. However, in entering the Order challenged herein, the court decided that since the mother's remarriage had freed her from the need to work, she could devote more time to her son. Thus, the court fashioned an Order wherein the child was in his mother's custody for greater periods of time. In so ordering, the court conceded, "[a]lthough this would necessarily lessen the time spent with his father, there was no other way to insure contact with both parents given the distance between them."

Appellant contends that the evidence produced by appellee, and relied upon by the lower court, did not amount to a substantial change in circumstances. He argues that the court improperly considered appellee's remarriage, her freedom from working, appellee's new home, and her now affluent lifestyle, when concluding that a sufficient change of circumstances occurred. In support of his position, appellant relies upon *Commonwealth ex rel. Jordan v. Jordan,* 302 Pa.Super. 421, 448 A.2d 1113 (1982), for the proposition that remarriage alone does not constitute a substantial change of circumstances, and *In re Custody of Temos,* 304 Pa.Super. 82, 450 A.2d 111 (1982), where we held that the need for a party to work full time cannot be considered adversely if adequate child care provisions have been made.

Undeniably, these factors cannot be held against appellant and do not militate against him as custodian of Brian. However, these factors, when accumulated, do enhance the ability of appellee to care for her child and certainly support the decision of the lower court to expand her custody of Brian. Further, our review of the record and the opinion below does not reveal undue reliance by the judge upon appellee's socio-economic position. Nor did he

emphasize appellant's recent change of residence. Rather, this fact was merely mentioned in passing and did not constitute any finding on the part of the trial judge that such a move adversely affected Brian or supported a need for increased visitation to appellee.

Finally, appellant argues that the prior custody arrangement should not be disturbed when the child is receiving love, guidance, companionship, and direction from a parent on a consistent basis. Brian has been living with appellant since January, 1983. Appellant asserts, and not without persuasion, that he had been the nurturing figure until December, 1984, and that the need for continuity in a young child's life demands that custody remain with appellant.

Unarguably, this Court has consistently recognized that a child "becomes strongly attached to those who stand in parental relationship to it and who have tenderly cared for it." *Gonzalez v. Gonzalez, supra* 337 Pa.Super. at 6, 486 A.2d at 452, quoting *Commonwealth ex rel. Jordan v. Jordan,* 302 Pa.Super. 421, 425, 448 A.2d 1113, 1115 (1982). This fact can, in some instances, be controlling in the custody decision. *English v. English, supra* 322 Pa.Super. at 240–241, 469 A.2d at 273; *Hugo v. Hugo,* 288 Pa.Super. 1, 430 A.2d 1183 (1981).

However, those cases where significant emphasis was placed upon this factor involved awards of full custody. This case, in the words of the trial court itself, involves a prior order of shared custody and the modification of that award to permit increased custody of the child to a parent who has already been deemed a fit custodian. Moreover, although appellant had physical custody of Brian since January, 1983, petitions for custody were filed with the court in April, 1983. A final Order, entered in October, 1983, awarded shared custody to the parties, although due to appellee's circumstances, Brian remained with appellant with visitation rights to appellee. Finally, this Court has refused to draw adverse inferences against a party, who though eager to care for his or her child, recognizes that it

often is in the child's best interests to remain with another custodian. *See Lombardo v. Lombardo*, 345 Pa.Super. ——, 496 A.2d 858 (1985); *In re Wesley*, 299 Pa.Super. 504, 445 A.2d 1243 (1982).

■ Having found sufficient support in the record to sustain the trial court's factual conclusions, we affirm the Order entered below. The trial court correctly found a change of circumstances on the evidence presented to warrant a re-examination of the existing custody order, and correctly concluded that the best interests of the child would be served by increased contact with his mother. We discern no abuse of discretion on the part of the lower court and will not disturb the Order of November 14, 1984, on this appeal.

Naturally, either party has a right to seek a modification of that Order if they fail to reach an agreement as to the placement of Brian for the upcoming school year.

Order affirmed.