512 A.2d 694

**Michael J. MAHONEY,**

**v.**

**B. Kathryn MAHONEY, Appellant.**

Superior Court of Pennsylvania.

Argued April 21, 1986.

Filed July 17, 1986.

586

Steven S. Hurvitz, State College, for appellant.

H. Denning Mason, III, State College, for appellee.

Before WICKERSHAM, BROSKY and WATKINS, JJ.

WICKERSHAM, Judge:

Appellant, B. Kathryn Mahoney, appeals from the order of the court below awarding to appellee, Michael J. Mahoney, physical custody of the parties' son, Sean Michael Mahoney.

Appellant and appellee were married on August 30, 1974. It was the second marriage for each. Sean was born on July 27, 1975. During the marriage, appellant and appellee lived together with Sean and Benjamin Craighead, appellant's son from her prior marriage, in State College, Pennsylvania. Appellant, a clinical psychologist, taught at Pennsylvania State University on a parttime basis, and appellee was a professor of psychology at the same institution.

The parties separated in September of 1978, reconciled for a one year period in 1979 and then separated again in May of 1980. They divorced in December of 1980. Following their divorce, the parties agreed on a custody plan under which Sean would live with appellant from Wednesday to Saturday and with appellee from Sunday to Wednes-

day. This arrangement was followed by the parties until appellee accepted a position on the faculty at the University of California in January of 1984, necessitating his move to Santa Barbara. The parties then negotiated an agreement under which Sean was to spend the school term, 1985–86, with appellant in Pennsylvania and summer vacation with appellee in California. This agreement could not be finalized, however, and appellee ultimately filed a petition for Sean's custody.

The Honorable Charles C. Brown, Jr., President Judge of the Court of Common Pleas of Centre County, upon consideration of the petition and testimony presented by both parties at a two–day hearing, entered an order granting joint legal custody to both parents and physical custody to appellee. The court subsequently stated reasons in support of its order, filed September 20, 1985, and issued an opinion, making findings of fact and conclusions of law on November 21, 1985. Appellant filed this timely appeal to our court presenting the following issues for our review:

I. Did the trial court err in awarding primary physical custody to the father in spite of the doctrine against separating siblings where no compelling reasons which favor separating the brothers were presented?

II. Did the trial court err in giving substantial weight to the slight preference of the child to live in California where there were no reasons offered in support of the preference, the preference was marked by ambivalence and where the testimony demonstrated that the preference was influenced by pressure from the father?

III. Did the trial court err in finding that the best interests of the child lie in an untested environment with the father where the testimony demonstrated that he was thriving in a stable environment with his mother in State College?

Brief for Appellant at 1.

Initially, we recognize the standard of review which must be applied in consideration of the above issues. As our supreme court enunciated in *Commonwealth ex rel. Robin-*

*son v. Robinson,* 505 Pa. 226, 478 A.2d 800 (1984), quoting our present Chief Justice, then Mr. Justice Nix, in *Commonwealth ex rel. Spriggs v. Carson,* 470 Pa. 290, 368 A.2d 635 (1977) (plurality op.):

> (O)ur law has long recognized that the scope of review of an appellate court reviewing a custody matter is of the broadest type ... Thus, an appellate court is not bound by deductions or inferences made by a trial court from the facts found; ... nor must a reviewing court accept a finding which has no competent evidence to support it ...
>
> \* \* \* \* \* \*
>
> However, we have also taken great care to stress: "... (T)his broader power of review was never intended to mean that an appellate court is free to nullify the fact-finding function of the hearing judge ..."
>
> \* \* \* \* \* \*
>
> (but, instead, is to remain) within the proper bounds of its review and (base a decision) upon its own independent deductions and inferences *from the facts as found by the hearing judge.* (Citations omitted; emphasis added.)
>
> 470 Pa. at 295–6, 368 A.2d at 637.
>
> Mr. Justice Nix further stated in *Carson:*
>
> This fundamental limitation of a reviewing court's power has been articulated by the Superior Court as well in defining its own scope of review in custody matters: "... (W)e have recognized that the trial judge is in a position to evaluate the attitude, sincerity, credibility, and demeanor of the witness. Because we are not in such a position, we have recognized that a trial judge's determination of custody should be accorded great weight. *Only where we are constrained to hold that there was a gross abuse of discretion should an appellate court interfere with the decisions of the hearing judge ...*" (Citation omitted; emphasis added.).
>
> 470 Pa. at 296, 368 A.2d at 637.

*Id.* 505 Pa. at 236–37, 478 A.2d at 806 (emphasis in the original).

Thus, we as an appellate court are "empowered to determine whether the trial court's incontrovertible factual findings support the trial court's conclusions, but may not interfere with those conclusions *unless they are unreasonable in light of the trial court's factual findings* ... and, thus, represent a gross abuse of discretion." *Id.*, 505 Pa. at 237, 478 A.2d at 806 (citations and footnote omitted) (emphasis in the original). *Accord Agati v. Agati,* 342 Pa.Super. 132, 492 A.2d 427 (1985); *Delbaugh v. Delbaugh,* 337 Pa.Super. 587, 487 A.2d 417 (1985). The burden of proving that the trial court's child custody decree is manifestly erroneous or constitutes a gross abuse of discretion rests on appellant. Absent such proof, we must affirm the decision of the trial judge who has the singular advantage of observing the demeanor of the parties and hearing the testimony of the witnesses. *Bresnock v. Bresnock,* 346 Pa.Super. 563, 500 A.2d 91 (1985); *Smith v. Smith,* 337 Pa.Super. 9, 486 A.2d 453 (1984). Keeping in mind the above standard, we now address those issues presented by appellant.

First, appellant contends that the trial court erred in not considering the policy against separation of siblings [1] and awarding custody accordingly. *See Albright v. Commonwealth ex rel. Fetters,* 491 Pa. 320, 421 A.2d 157 (1980); *Beers v. Beers,* 342 Pa.Super. 465, 493 A.2d 116 (1985). However, the guiding principle in determining Sean's custody was the manner in which his best interests would be served. *See Gonzalez v. Gonzalez,* 337 Pa.Super. 1, 486 A.2d 449 (1984). Although the general rule is that siblings should not be separated without compelling reasons, this policy is but one factor to be considered, together with others, in determining the best interest of the child. *See, e.g., Haag v. Haag,* 336 Pa.Super. 491, 499–500, 485 A.3d 1189, 1193 (1984) ("[T]his rule must yield to the paramount principle that the best interests of each individual child must be the determining factor in custody decisions.); *M.D. v. B.D.,* 336 Pa.Super. 298, 304, 485 A.2d 813, 816–17 (1984).

1. Benjamin Craighead, Sean's half-sibling, continues to live with appellant, his mother.

("[T]his policy is but one factor to be considered, together with others, in determining the manner in which the child's best interests will be served.") *McAnallen v. McAnallen*, 300 Pa.Super. 406, 415, 446 A.2d 918, 923 (1982) ("[T]he best interests of the children in the instant case must prevail over any abstract policy....")

 Since the policy against separation of siblings is not controlling, under our narrow scope of review, we can discern no abuse of discretion or manifest error presented by appellant which would warrant reversal on this ground.[2] We must conclude from the record that the trial court, after hearing the testimony of the numerous witnesses in this case, weighed that testimony carefully and found that Sean's overall best interests would be served by the award of custody to appellee, although this necessitated Sean's separation from one[3] half-sibling.

 Appellant next argues that the trial court erred in giving substantial weight to Sean's preference. We disagree. As acknowledged by appellant, the law of this Commonwealth holds that the stated preference of a child should be afforded appropriate weight. *See, e.g., Constant A. v. Paul C.A.*, 344 Pa.Super. 49, 496 A.2d 1 (1985). This court has repeatedly stated that "[a]lthough the express wishes of the child are not controlling in custody decisions, they do constitute an important factor which must be carefully considered in determining the child's best interest." *Commonwealth ex rel. Pierce v. Pierce*, 493 Pa. 292, 299, 426 A.2d 555, 559 (1981). The particular weight to be given a child's preference as to custody is to be determined by the trial judge who sees and hears the child, depending to a great extent upon the age, maturity and intelligence of the

2. We note that the fact that the court failed to discuss specifically the existence of a general policy in favor of raising siblings together was not alone reversible error. *See M.D. v. B.D.*, 336 Pa.Super. 298, 485 A.2d 813 (1984). We will not remand merely to give the hearing court an opportunity to discuss such a policy when to do so would serve only to further prolong this litigation.

3. Appellee is remarried and his wife was expecting a child at the time of the custody hearing.

child, *Jones v. Stone,* 343 Pa.Super. 416, 495 A.2d 205 (1985); *Burr v. Morgart,* 339 Pa.Super. 341, 488 A.2d 1155 (1985), so long as it is based on good reasons. *See Constant A. v. Paul C.A., supra.*

In the instant case, the trial judge found that Sean was an intelligent ten year old with an I.Q. of one hundred and thirty, who repeatedly indicated his preference to live with his father in California, at least for a while, so as to be in a better position to choose between his parents' residences. Sean most clearly expressed this preference in a letter to appellant, as follows:

> Dad says he thinks it is important that I live in Santa Barbara for a while and that we are only deciding for next year right now. I think he is right, and I really want you to let me go there next year.
>
> Then we can decide each year and I will know Santa Barbara like I know State College[.] I know that we will miss each other, but I know it is [right] to go.

Letter from Sean Mahoney to B. Kathryn Mahoney, Appellee-Petitioner's Exhibit 1; Lower ct. op. at 10–11.

█ Although Sean chose not to elaborate beyond the reasoning of the above letter during his in-chambers hearing with the trial judge, he voluntarily stated "a slight preference to live in California" and did not deny the truth of the statements made in the letter. Additionally, Sean reiterated his preference to at least five witnesses, before the custody hearing. We must conclude that Sean's unvarying preference to live with his father was properly granted weight by the trial court in determining his best interests. *Cf. Commonwealth ex rel. Pierce v. Pierce, supra* (twelve year olds' preference for father because "[s]ometimes [my mother] feels cold.... I wouldn't feel right living with her" found relevant); *Gonzalez v. Gonzalez, supra* (six year old's statement that "I want to live with Daddy.... Because I love my daddy and I want to stay with him" found relevant).

Appellant attempts to discredit Sean's preference, claiming that it is solely the result of pressure from appellee.

We find no support in the record for this contention. When the same issue was argued below, the lower court had "no question as to the authenticity of Sean's statements". Lower ct. op. at 11. While some amount of pressure is inevitable in any child custody consideration, the court below, after reviewing all the evidence, found nothing to convince it that Sean's preference was any but his own. We find no evidence in the record which would lead to a contrary conclusion, and therefore conclude, under our standard of review, that Sean's preference was properly considered by the court below.

Finally, we reach appellant's last issue, in which she alleges that the trial court erred generally, in the determination of Sean's best interests, by granting physical custody to appellee. We disagree.

As stated by the trial court, although both parties had good relationships with Sean, appellee shared the more significant bond with him and the award of custody was premised on this factor. This finding was based on the resolution of conflicting testimony presented by the parties' witnesses and such a factual finding will be reversed by this court only for manifest error. *Commonwealth ex rel. Robinson v. Robinson, supra.* Where there is an arguable case on both sides, this court will not second-guess the trial court's factual findings. *See, id.*

■ Nor will we dispute the applicability of this particular factual finding in determining Sean's best interests in this case. It is well established that the strength of the child's relationship with each parent is a critical factor in custody determinations. *See, e.g., English v. English,* 322 Pa.Super. 234, 469 A.2d 270 (1983) (where parents equally fit, or nearly so, stable relationship of critical importance); *Brooks v. Brooks,* 319 Pa.Super. 268, 466 A.2d 152 (1983) (relationship important).

In the instant case, the lower court found that Sean's relationship with appellee was stronger and more stable than his relationship with appellant, and properly found the

594

greater attachment relevant. *See Gonzalez v. Gonzalez, supra. See also Commonwealth ex rel. Montgomery v. Montgomery,* 296 Pa.Super. 325, 442 A.2d 791 (1982) (father more clearly placed child's welfare above his own).

■ Appellant contends that the lower court nonetheless erred in its failure to consider the merits of the potentially more stable environment which she would provide in State College. *See Ellerbe v. Hooks,* 490 Pa. 363, 416 A.2d 512 (1980); *Haraschak v. Haraschak,* 268 Pa.Super. 173, 407 A.2d 886 (1979). We conclude, however, that the trial court after duly considering those merits, found them outbalanced in this case by those to be derived from Sean's experience of a new environment in California. It is clear from the record that the court recognized the significant disruption in school work and lifestyle which would be occasioned by Sean's cross-country move, but concluded that it was necessary in order for Sean's best interests to be achieved. The court found that Sean was already well-travelled,[4] that he had thrived when exposed to different environments in the past, and could be expected to similarly thrive in the custody of appellee in California. This finding together with the findings that Sean and appellee shared the deeper emotional bond and that Sean's preference was to live with appellee, as discussed *supra,* support the lower court's conclusion that the award of physical custody to appellee, was indeed, in Sean's best interests. Applying once again the standard of review of *Commonwealth ex rel. Robinson v. Robinson, supra,* absent proof of a gross abuse of discretion or manifest error, we must affirm the decision of the trial judge who has enjoyed the opportunity to observe the demeanor of the parties and listen to the testimony of the witnesses. *See Bresnock v. Bresnock, supra.*

For the reasons stated above, we therefore affirm the order of the Court of Common Pleas of Centre County.

Order affirmed.

4. Sean has spent six months in Rome, Italy and a substantial period of time in the Caribbean, Colorado, and California.