519 A.2d 479

**Paul F. ESPERSEN, Appellant,**

v.

**Sherre DAVIDOW.**

Superior Court of Pennsylvania.

Argued May 22, 1986.

Filed Dec. 23, 1986.

532

C. James Kutz, Greensburg, for appellant.

Sanford P. Gross, Pittsburgh, for appellee.

Before BROSKY, KELLY and ROBERTS, JJ.

BROSKY, Judge:

This appeal is from an Order directing that custody of appellant's daughter remain with her natural mother, the appellee herein.

Appellant presents three issues for our consideration: (1) whether the trial court's findings of fact were supported by the evidence; (2) whether the evidence presented at trial established a substantial change in circumstances since the entry of the consent custody order; (3) whether the best interests of the child are served by granting custody to the appellant. We have reviewed the entire record, including briefs submitted by counsel and the opinion and findings of fact and conclusions of law of the trial court.

Because we agree with appellant that the evidence established a substantial change of circumstances from the entry of the initial custody order, we vacate the order of court continuing custody in appellee, and remand the case for proceedings consistent with this opinion.

The parties to this appeal were married on September 8, 1962. From this marriage were born three children. The third child, Shannon, born May 5, 1976, is the subject of the custody dispute presently before us. The parties were divorced on March 10, 1981 by decree of the Court of Common Pleas of Allegheny County. Pursuant to the divorce a "Property Settlement Agreement" was entered into and made part of the decree. Paragraph 9 of the "Property Settlement Agreement" entitled "Visitation" established "general care, custody and control" of the minor child in the mother, subject to "regular, reasonable and liberal right of visitation and partial custody" in the husband.

Subsequent to the divorce, Shannon lived in the family residence until November, 1983, when she and her mother moved next door to the residence of Jerry Davidow. Appellee subsequently married Mr. Davidow in July of 1984 whereupon appellee, with Shannon, her new husband and his two daughters, moved to a new residence in North Huntingdon, Pennsylvania. Shannon has resided in her new residence in North Huntingdon with her mother, stepfather and two stepsisters until the present time.

Shannon's father also remarried on December 11, 1981, and subsequently had a house constructed in a suburb of Butler, Pennsylvania, where he currently resides with his present wife. Pursuant to the custody and visitation agreement previously entered, appellant routinely picked up Shannon for weekends and one night a week visits. Subsequent to appellee's remarriage to Mr. Davidow, Shannon began making complaints about her home life during visits with her father. Shannon also stated that she wanted to live with her father and, often, towards the end of visits stated she didn't want to go back home to North Hunting-

don. On September 20, 1984 the appellant filed an action for custody of Shannon in Westmoreland County. Several hearings were held wherein testimony of the parties, Shannon, lay witnesses and expert psychologist witnesses was heard. On August 28, 1985, the trial court issued an order maintaining custody in the appellee-mother. This appeal followed.

It is well-established that in any custody proceeding where there exists a valid prior custody order the burden rests upon the party seeking modification of that order to prove a substantial change in circumstances that would justify a court's reconsideration of the custody disposition. *Daniel K.D. v. Jan M.H.*, 301 Pa.Super. 36, 446 A.2d 1323 (1982). This burden has not been relaxed nor found any less valid when the custody order is entered into by agreement of the parties and without hearing on the merits. *Burr v. Morgart*, 339 Pa.Super. 341, 488 A.2d 1155 (1985).[1]

1. We note that this represents the statement of this issue made by several panels of this Court and our decision today does not deviate from those holdings to this effect found in at least the cases of *Burr v. Morgart*, 339 Pa.Super. 341, 488 A.2d 1155 (1985), *Gonzalez v. Gonzalez*, 337 Pa.Super. 1, 486 A.2d 449 (1984), *Daniel K.D. v. Jan M.H.*, 301 Pa.Super. 36, 446 A.2d 1323 (1982).

However, we note some concern over this position. To the extent both parties have previously litigated the custody matter and a determination of a custodial arrangement has been made which serves the child's best interests, sound policy dictates that the matter not be subject to repeated litigation without a showing of a valid reason for the courts to reconsider the existing custodial arrangement. This is what the imposition of the subject burden was intended to accomplish. However, this protective facility presumes that the initial entry of a custody order did in fact serve the child's best interests. When the custody order is entered pursuant to litigation of the matter where both parties are given a full and fair opportunity to present their case, the court can presume this was accomplished, at least to the same degree of certainty which any determination by litigation has. But when the prior entry of a custody order was done by consent or stipulation without a hearing on the merits, it is not as certain that the custodial arrangement serves the child's best interests, for there may be many factors facilitating the entry of a consent custody order. As such, the imposition of a burden, the effect of which is to prevent an inquiry and determination of the child's best interests under these circumstances, may work to maintain a custodial arrangement which has not been serving the child's best interests. Of course, the risk of such an event happening rises proportionately with the degree of

Nor is the burden lessened or altered when the moving party seeks modification of a partial custody order as opposed to one providing for full custody. *Agati v. Agati,* 342 Pa.Super. 132, 492 A.2d 427 (1985). However, once such a substantial change in circumstances has been established, both natural parents share equally the burden of demonstrating that the child's best interests will be served by the granting of custody to them. *Daniel K.D. v. Jan M.H.,* supra.

By imposing upon a challenging party the burden of showing changed circumstances, the doctrine of res judicata is adhered to without unduly prejudicing the interests of either parent or child. As this Court noted in *Commonwealth ex rel. O'Hey v. McCurdy,* 199 Pa.Super. 22, 24, 184 A.2d 290, 291 (1962):

> To permit a party to relitigate [the] relative fitness of parents to have custody of children by an inquiry into the same or other facts existing at the time of or prior to the former decree would lay a foundation for interminable and vexatious litigation.

However, as this Court has also noted several times, the fundamental goal in a custody matter is the rendering of a decision serving the best interests of the child. As such, this interest cannot be fulfilled by adopting a rule which mechanically prevents a parent or other interested party from asserting, and therefore proving, at some point after the initial entry of a custody order, that the child's best interests will be served by a different custody arrangement. When circumstances have changed since the entry of a custody order, some question may legitimately arise as to whether a child's best interests are still being served by the existing custodial arrangement, and justice will not be served by adhering to some notion that the status quo

difficulty of overcoming the initial burden of showing a substantial change in circumstances: which in turn depends on how stringently that phrase is interpreted by the courts. In light of this, justice may require that a custody order not based upon an adjudication on the merits be given a less conclusive status than one based upon such an adjudication.

should be maintained or that a party should only get "one shot" at litigating the matter. When the question is then litigated, it does not represent relitigation of the same matter, for the essential inquiry is directed to the best interest of the child at that point in time, not at the time the initial order was entered.

By requiring that the change of circumstance be "substantial" the Court will hopefully discourage an overburdening of the judicary, as well as vexatious or spurious litigation without necessarily trapping a child in a custodial arrangement which may not be in his or her best interests. However, once a substantial change in circumstances is shown, it is important that neither party enjoy a presumption or be saddled with a burden of proof, as this will only divert the court's attention from the true inquiry of importance, that being what custodial arrangement will serve the child's best interests at that point in time.[2]

The trial judge in the instant case, after several hearings and the admission of psychological reports, issued both an opinion and findings of fact and conclusions of law in keeping with the dictates of *In Re Donna W.*, 325 Pa.Super. 39, 472 A.2d 635 (1984) and similar decisions which called for the full development of a record to facilitate judicial review. The trial judge specifically found that the appellant failed in his burden of showing a substantial change of circumstances and, hence, issued the order currently appealed from. Appellant argues that the evidence at trial shows the requisite substantial change in circumstances and cites many facts of record in support of his position. We are inclined to agree with the appellant.

As might be expected, upon a review of past relevant cases one cannot glean a hard and fast rule as to what does and what does not constitute a substantial change of circumstances. However, past relevant cases are helpful in

---

**2.** This position was illustrated aptly in *Daniel K.D. v. Jan M.H.* where this court said:

This standard of proof recognizes that to protect children's interests the courts must assess evidence without reliance upon presumptions that prevent the natural parents from standing in pari causa.

deciding if the present facts will get the appellant through what was described as an "evidentiary gate" in *Agati v. Agati, supra* to the second but paramount inquiry of the best interests of the child in the custody determination.

In *Tettis v. Boyum,* 317 Pa.Super. 8, 463 A.2d 1056 (1983), the court considered a modification petition of a prior custody order entered in Texas where the appellant father and appellee mother had resided. The mother had visitation of her two minor children in her hometown of St. Mary's, Pennsylvania, to which she had returned to live after her divorce. Prior to the pre-arranged time for the children to return to Texas, the appellee filed a custody petition in the Court of Common Pleas of Elk County. The court, after determining it had valid jurisdiction, found appellee's return to St. Mary's to be a change in circumstances warranting reconsideration and granted custody in the mother. This Court, on appeal, while recognizing that the trial court was correct in its determination of the change in circumstances issue, reversed and remanded for additional hearing to provide a fuller development of the record.

In *Gonzalez v. Gonzalez,* 337 Pa.Super. 1, 486 A.2d 449 (1984), the appellee mother sought custody of her minor child after a remarriage and after having entered a stipulation granting custody to the appellant father. Appellee testified at trial that she had permitted custody to be placed in the child's father because she was uncertain of her future and was unable, at that time, to afford the child proper care. She argued that her change of residence and remarriage reflected a substantial change of circumstances. The trial court had agreed with appellee and granted custody to her. This Court, making an independent review of the record disagreed with the trial court which found that the best interests of the child would be served by awarding custody to the appellee mother, and reversed on these grounds.

The case of *Parker v. MacDonald,* 344 Pa.Super. 552, 496 A.2d 1244 (1985), also found discussion of the substantial change in circumstances standard subsequent to a modifica-

tion of an existing custody order. The trial court found that a substantial change in circumstances had taken place. This court affirmed on appeal. The record revealed that, following the initial entry of a custody order the appellee mother had remarried and terminated her employment. She now occupied a house sufficient to accommodate the child and her new husband indicated a willingness to accept the child. The new husband and the child also appeared to have a good relationship.

In the present case, there are many factors which lead this court to conclude that a substantial change of circumstances has taken place since entry of the initial custody order. Both the appellant and appellee have since remarried. The appellant, who did not have a residence to take the child to at the time of the divorce, now has a more than adequate residence. His present wife is a full time homemaker and will be available to care for Shannon when the appellant is working or away from the household. Shannon has testified that she gets along with appellant's current wife and there exists no evidence to the contrary. Additionally, since the time of the initial custody order, Shannon has been moved out of the home in which she was raised, and is now situated in a household in a new neighborhood with two stepsisters and a stepfather. In contrast to her relationship with her stepmother, there is abundant evidence that Shannon's relationship with her stepfather is less than desirable and often causes Shannon anxiety. The court pays particular attention to the fact that both psychologists testifying in this case indicate that Shannon is suffering anxiety and self-perception problems which appear causally related to her current living situation. Additionally, Shannon has maintained a stated preference to live with her father throughout the proceedings.

The court does not wish to leave an impression that Shannon's current living arrangement is tortuous or in any way neglectful. The record bears out that Shannon's mother is a loving, caring mother who can and has provided Shannon a suitable environment in which to thrive. More-

over, it would appear that some of Shannon's complaints of her homelife are exaggerated and that perhaps Shannon, for whatever psychological reasons, has prevented herself from fully enjoying her current living situation. Nevertheless, the court has taken cognizance of the fact that Shannon has had difficulty thriving in her current environment, and of the many circumstances which have changed since the entry of the initial custody order, and has deemed them substantial enough to warrant a reconsideration of the preexisting custody order.

In reaching this decision, the Court has kept in mind its previous discussion of the policy behind imposing a burden of showing changed circumstances, or policy which has roots in the doctrine of res judicata and the desire to prevent interminable and vexatious litigation. However, the Court is convinced here that both the appellant and appellee have the best interests of the child in mind, and we do not believe the instant litigation, instituted by the appellant, was motivated by anything less. Nor would reconsideration of the existing custody order represent relitigation of a matter previously decided, as the record indicates that the situations of the parties involved are significantly different than they were when the consent custody order was entered. As such, it is the opinion of this Court that justice will be best served by a reconsideration of the present custodial arrangement with both parties standing in pari causa and both parties sharing equally the burden of proof.

While this Court is empowered to make an independent review of the record and arrive upon an appropriate custody determination, we recognize that the trial court is in at least as advantageous position to make such a determination as is an appellate court. The trial court in this case, finding that appellant failed to show a substantial change in circumstances, stopped its inquiry short of a consideration of the child's best interests with both parties standing in pari causa (see discussion on page 536 *supra.*). Therefore, we believe that a remand to the trial court for a determination

of the child's best interests is appropriate under the circumstances of this case.

Order vacated. Jurisdiction relinquished.