524 A.2d 995

**John J. KOZLOWSKI**

v.

**Gloria H. KOZLOWSKI, Now by Change of Name Gloria H. Bernardini, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 22, 1987.

Decided April 22, 1987.

518

James H. Richardson, Jr., Erie, for appellant.

Frank L. Kroto, Jr., Erie, for appellee.

Before BROSKY, DEL SOLE and CERCONE, JJ.

BROSKY, Judge:

This is an appeal from the Order of the trial court which found appellant in contempt and transferred custody of two minor children from the mother (appellant) to the father (appellee).

The issues raised by appellant are as follows: (1) whether appellant complied with all of the court orders, that granted appellee visitation privileges, such that she should not have been held in contempt of court; (2) whether appellant, having been awarded custody of the children, should have been permitted to move with the children outside of the Commonwealth of Pennsylvania; (3) whether the best interests of the children are served by allowing appellant to retain custody of both children; and (4) whether the trial court erred in transferring custody of two teenage children based on a stale and incomplete record.

After a careful review of the record and briefs, we affirm in part and reverse and remand in part.

The procedural history of this case is quite long and complicated. During a five year period the parties have

filed numerous Petitions for Contempt Citations and Modifications of Visitation. The final Petition filed by appellee, which gave rise to the Order now in question, requested that appellant be found in contempt and that custody be transferred to appellee.

It must also be noted that *after* appellant took an appeal to this Court, from the Order of the trial court, and while the appeal was pending, she filed a Petition for Modification and Temporary Custody Order with the court of Missoula County, Montana. Because the action in Montana was never instituted until this appeal was already taken, we need not consider the Montana petition as it has no relevance to the order at hand.

Turning now to the actions taken by the Courts of this Commonwealth, we must separate the Contempt Citation from the Custody determination.

The trial court, upon appellee's Petition for Contempt, held a hearing, at which appellant was represented by counsel, in order to determine the contempt issue. This finding of contempt is within the purview of the trial court and will not be disturbed absent an abuse of discretion. See *Commonwealth ex rel. Ermel v. Ermel*, 322 Pa.Super. 400, 469 A.2d 682 (1983). Because the record does contain evidence which would support a finding of contempt we affirm that part of the trial court's order.

Looking now at the issue of custody we find that the court below acted improperly in making the determination it did. On August 31, 1984, appellee requested a change in custody. A hearing on custody was heard on October 23, 1984, however no determination was made. Finally, on September 25, 1985, appellee filed his brief entitled "Brief in Support of Custody and Petition for Contempt." It was in response to this that the trial judge combined the custody and contempt actions. Additionally, we have no indication from the trial judge as to what information he relied upon in issuing his 1986 order. From the wording of the Order and Opinion it would appear that the change in custody was

a sanction for contempt, rather than the carefully weighed and deliberated process that should be taken in a custody hearing.

■ This court has previously stated that, "[i]t is well established that in any custody proceeding where there exists a valid prior custody order the burden rests upon the party seeking modification of that order to prove a substantial change in circumstances that would justify a court's reconsideration of the custody disposition." *Espersen v. Davidow*, 359 Pa.Super. 531, 519 A.2d 479 (1986). Once a substantial change in circumstances has been shown, the court must then consider the best interest of the child. *Daniel K.D. v. Jan M.H.*, 301 Pa.Super. 36, 446 A.2d 1323 (1982).

This court has held that a custodial parent's obstruction of the noncustodial parent's right to visit the child may serve as the basis for an order changing custody. *Pamela J.K. v. Roger D.J.*, 277 Pa.Super. 579, 419 A.2d 1301 (1980). Also, our court has already stated that relocation may be sufficient to constitute a material change in circumstances. *Tettis v. Boyum*, 317 Pa.Super. 8, 463 A.2d 1056 (1983); *Custody of Phillips*, 260 Pa.Super. 402, 394 A.2d 989 (1978). It, therefore, became the function of the trial court to determine the best interests of the children involved, taking into account the relocation.

The Pennsylvania Supreme Court has discussed the standard of appellate review in the following manner:

(O)ur law has long recognized that the scope of review of an appellate court reviewing a custody matter is of the broadest type ...

\* \* \* \* \* \*

However, we have also taken great care to stress: "... (T)his broader power of review was never intended to mean that an appellate court is free to nullify the factfinding function of the hearing judge ..."

\* \* \* \* \* \*

(but, instead, is to remain) within the proper bounds of its review and (base a decision) upon its own independent deductions and inferences from the facts as found by the hearing judge. (Citations omitted).

Only where we are constrained to hold that there was a gross abuse of discretion should an appellate court interfere with the decisions of the hearing judge ..." (citation omitted).

*Commonwealth ex rel. Robinson v. Robinson,* 505 Pa. 226, 236–237, 478 A.2d 800, 806 (1984) quoting, *Commonwealth ex rel. Spriggs v. Carson,* 470 Pa. 290, 368 A.2d 635 (1977).

The Superior Court, also discussing the scope of review, has stated:

So as to facilitate this broad review, we have consistently emphasized that the hearing court must provide us not only with a complete record ... but also with a complete and comprehensive opinion which contains a thorough analysis of the record and specific reasons for the court's ultimate decision.... Absent an abuse of discretion, we will not reverse a hearing judge who complies with these requirements. (citations omitted). *Hugo v. Hugo,* 288 Pa.Super. 1, 430 A.2d 1183 (1981), citing *In re Custody of White,* 270 Pa.Super. 165, 167–68, 411 A.2d 231, 232–33 (1979).

■ Turning now to the custody order entered by the trial court, the trial judge, in his opinion, did state what he believed to be in the children's best interest, however, a thorough analysis of the evidence was clearly lacking. In fact, very few references were made, in the trial court opinion, as to the findings of fact relied upon by that court in rendering its decision. Without a more complete record, and an analysis thereof, it is difficult for this court to arrive at a decision regarding the conclusions drawn by the court below.

■ It should also be noted that the testimony from which the trial court's conclusions were drawn, was, for the most part, almost two years old at the time the order in question was entered. Because our decision, as well as that

of the trial court, rests upon what is *currently* in the children's best interest, it must be based upon an up-to-date record. Additionally, the children involved are presently 16 and 14 years of age, ages at which their preferences may be considered by the trial court, *see, Ellingsen v. Magsamen,* 337 Pa.Super. 14, 486 A.2d 456 (1984).

In view of the fact that the record contains evidence which shows that appellant has been living, with her children, in Montana for approximately 18 months, we will remand this case to afford counsel and the trial court, the opportunity of deciding, in the first instance, where the determination of custody is to be made in accordance with the Uniform Child Custody Jurisdiction Act, 42 Pa.C.S.A. § 5341, et seq., *see also, Grun v. Grun,* 344 Pa.Super. 432, 496 A.2d 1183 (1985), *affirmed* 511 Pa. 374, 514 A.2d 1372 (1986).

Thus, we affirm the part of the Order dealing with contempt, but reverse and remand on the issue of custody.

Order affirmed in part, reversed and remanded in part.