Claudia LIBRETT, Appellant,

v.

Michael MARRAN, Appellee

Superior Court of Pennsylvania.

Submitted May 3, 2004.
Filed July 9, 2004.

R. Nicholas Gimbel, Philadelphia, for appellant.

Colleen F. Consolo, Norristown, for appellee.

Before: DEL SOLE, P.J., and PANELLA and TODD, JJ.

OPINION BY PANELLA, J.:

¶ 1 This is an appeal by Claudia Librett ("Mother") from an order entered on December 17, 2003 by the Honorable Rhonda Lee Daniele of the Court of Common Pleas of Montgomery County. After careful review, we quash the appeal.

¶ 2 Judge Daniele found Mother, the Appellant herein, to be in contempt of the Court's prior order of April 29, 2003. On May 8, 2003, a felony warrant for Mother was issued by the Montgomery County District Attorney's office; the warrant was issued because Mother allegedly abducted R.M., the minor child of the parties. R.M. was last seen on January 10, 2003, the day after the trial court entered an order awarding joint legal custody of the child to both Mother and Michael Marran, the natural father, primary physical custody to Mother, and partial physical custody to Father. *C.L. v. M.M.*, No. 99–22716, mem. op. dated 01/09/2003 (C.C.P.Montgomery) (Daniele, J.), *aff'd*, *C.L. v. M.M.*, 3013 EDA 2002, 3036 EDA 2002, 140 EDA 2003, mem.op. dated 06/02/2003 (Pa.Super.2003),

Petition for Allowance of Appeal filed July 2, 2003, 488 MAL 2003 (Pa.2003).

¶ 3 As of the date this appeal was presented to this Court for review, Mother is still defying the order herein disputed by failing to present the minor child to Father for his period of partial custody and remains a fugitive.[1]

¶ 4 It is within the discretion of the reviewing court to dismiss a pending appeal *sua sponte*. *Commonwealth v. Passaro*, 504 Pa. 611, 476 A.2d 346 (1984); *see* Pa.R.A.P., Rule 1972(6), 42 PA. CONS. STAT. ANN. When a parent has been found to have violated a custody order and the contempt is flagrant, an appeal may be denied. *Fatemi v. Fatemi*, 371 Pa.Super. 101, 537 A.2d 840, 843 (1988).

> [W]here court orders are disobeyed with impunity and respect for the law and the courts thereby weakened ... it is the duty of the appellate courts to see to it that every assistance is extended to the courts of the Commonwealth so that orders are meticulously carried out as otherwise the dignity of the judiciary, the majesty of the law and its enforcement are clearly undermined.

*Beemer v. Beemer*, 200 Pa.Super. 103, 188 A.2d 475, 476 (1962).

¶ 5 The modern view is to deny appeal in custody cases where court orders have been disobeyed. *Id.* at 477 (citations omitted). "The rationale of decisions dismissing an appeal from the appellant's disobedience of a trial court's order seems to be that it is contrary to the principles of justice to permit one who has flaunted the orders of the courts to seek judicial assistance." *Id.*

¶ 6 While quashing the appeal may not accomplish enforcement of the trial court's order, it will assuredly not grace this ap-

---

1. The felony warrant remains outstanding.

peal with validity. *Id.* at 478. Under the above circumstances, we therefore quash the appeal. *Id.; Regli v. Regli,* 288 Pa.Super. 534, 432 A.2d 1000 (1981).

¶ 7 The appeal is quashed. Petition for Post–Submission Communication to Supplement the Record filed on May 24, 2004, rendered moot.[2]

---

**2.** We note with interest that the Superior Court's non-precedential Memorandum Opinion filed on May 19, 2004 is what the Appellant is seeking to add to the record. We note that this petition was filed only 5 days later on May 24, 2004.