J-S32001-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| S.P. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| K.H. | : | No. 657 MDA 2025 |
| v. | : | |
| | : | |
| | : | |
| B.H. | : | |

Appeal from the Order Entered April 23, 2025
In the Court of Common Pleas of York County Civil Division at No(s):
2021-FC-001007-03

BEFORE: LAZARUS, P.J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LAZARUS, P.J.: **FILED DECEMBER 12, 2025**

S.P. (Mother) appeals from the order, entered in the Court of Common Pleas of York County, finding Mother in civil contempt of the trial court's December 31, 2024 final custody order and imposing sanctions consisting of attorney's fees and probation for six months.[1] After careful review, we affirm.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] Mother previously appealed from orders finding her in contempt and denying recusal at 146 MDA 2025. This Court quashed the appeal at 146 MDA 2025 as interlocutory because no sanctions had been imposed. **See** Order, 3/7/25. **See also Foulk v. Foulk**, 789 A.2d 254, 257 (Pa. Super. 2001) (contempt order will be considered final and appealable where sanctions are imposed without need for any further court action); **Genovese v. Genovese**, 550 A.2d 1021 ( Pa. Super. 1988) (order of contempt is final and appealable when order contains present finding of contempt and imposes sanctions). Additionally, on
*(Footnote Continued Next Page)*

Mother and K.H. (Father)[2] are the parents of A.P. (born December 2013) and R.H. (born October 2017) (collectively, Children). This custody matter, which commenced in 2018, culminated in an October 22, 2024 custody order. In that order, the trial court granted Mother primary physical custody and sole legal custody of Children, granted B.H., paternal grandfather (Grandfather),[3] partial physical custody of Children, as well as access to educational, therapeutic, and medical information concerning Children, and granted Father telephonic and/or video contact with Children, consistent with the regulations and protocols of the Department of Corrections. *See* Order, 10/22/24.[4]

On November 13, 2024, Grandfather filed a petition seeking to hold Mother in contempt of the October 7, 2024 order, and, on December 31, 2024, following a hearing, the court found Mother in contempt. The court issued a

_____

May 11, 2023, the trial court found Mother in contempt for failing to comply with a June 2, 2022, custody order. Mother appealed, and this Court affirmed. *See S.P. v. K.H. & B.H.*, 772 MDA 2023 (Pa. Super. filed Jan. 3, 2024) (unpublished memorandum decision). On October 7, 2024, the trial court again found Mother in contempt for failing to comply with court orders; Mother appealed, and this Court affirmed. *See S.P. v. K.H. & B.H.*, 1558 MDA 2024 (Pa. Super. filed May 16, 2025) (unpublished memorandum decision).

[2] Father pleaded no contest to various sexual offenses involving an unrelated minor. The court sentenced Father to 4½ to 10 years' incarceration. Father's expected release date is February, 2026. *See* N.T. Contempt/Special Relief /Relocation Hearing, 12/31/24, at 12. Father and Grandfather are the biological father and grandfather, respectively, of R.H., but not A.P.

[3] Grandfather filed a petition to intervene and sought custody rights pursuant to 23 Pa.C.S.A. § 5325(2)(i).

[4] Neither Grandfather nor Father has filed a brief in this matter.

contempt order but delayed the imposition of sanctions upon Mother's promise to abide by the court's orders. *See* Order, 12/31/24, at 1-6. Mother appealed. Both Mother and trial court complied with Pa.R.A.P. 1925. This Court quashed the appeal as interlocutory, as no sanctions had been imposed. *See supra* n.1.

On April 17, 2025, the trial court held a sanctions hearing, finding Mother had willfully violated the October 7, 2024 order and imposing sanctions, including attorney's fees in the amount of $2,000.00 and six months' probation. *See* Order, 4/23/25. Mother timely appealed and filed an amended Rule 1925(b) statement in which she included an additional claim related to this Court's May 16, 2025 ruling on Grandfather's standing. *See* Appellant's Amended Rule 1925(b) Statement, 5/19/25.

Mother raises the following issues for review:

1. Did the lower court err as a matter of law and/or abuse its discretion in finding Mother in contempt of the underlying custody order as it pertains to Grandfather that has been reversed by the Superior Court as the Superior Court found that the lower court erred in finding that Grandfather had standing?

2. Did the lower court err as a matter of law and/or abuse its discretion in finding that Mother willfully failed to comply with the court order when Mother acted in the best interests of Children?

Appellant's Brief, at 5.

Mother first claims that the trial court erred or abused its discretion by holding her in contempt of an order that was subsequently reversed, in part, by this Court. Specifically, on May 16, 2025, this Court issued a memorandum

- 3 -

decision in a related appeal regarding the parties' prior custody order. **See S.P. v. K.H. and B.H.**, 1654 MDA 2024 (Pa. Super. 2025). In that decision, we reversed the custody order as it related to Grandfather on the issue of standing, and affirmed as it related to Father. **See id.** at *32. Nonetheless, this Court's partial reversal of that portion of the order does not affect our ability to review the finding of contempt against Mother. Pennsylvania courts have consistently held that a contempt finding is based on the contemnor's conduct at the time of the alleged violation of the custody order. **See Brocker v. Brocker**, 241 A.2d 336, 341 (Pa. 1968) ("While a [c]ustody [o]rder or [d]ecree is always subject to modification or complete change by the proper [c]ourt, [a]cting in the best interest and for the best welfare of the children, it cannot be ignored or violated by one of the parties at his (or her) whim[.]"). Similarly, in **Kozlowski v. Kozlowski**, 524 A.2d 995 (Pa. Super. 1987), this Court affirmed the contempt finding while reversing and remanding the custody decision. This distinction highlights the fact that a contempt order is based on the violation of a court order and is not necessarily affected by changes to the underlying custody arrangement. Thus, a contempt finding can be affirmed even if the underlying custody order is modified or reversed, as long as the contemnor violated the order when the order was in effect. The key considerations in such cases are whether the contempt finding was valid at the time it was issued and whether the contemnor had notice and an opportunity to be heard regarding the contempt proceedings. **See E.K. v. J.R.A.**, 237 A.3d 509 (Pa. Super. 2020); **P.H.D. v. R.R.D.**, 56 A.3d 702 (Pa.

Super. 2012). *See also Garr v. Peters*, 773 A.2d 183, 189 (Pa. Super. 2001) ("Each court is the exclusive judge of contempts against its process.") (quoting *Fatemi v. Fatemi*, 537 A.2d 840, 846 (Pa. Super. 1988) and *Neshaminy Water Resources Authority v. Del–Aware Unlimited, Inc.*, 481 A.2d 879 (Pa. Super.1984)). At the time Mother violated the court's October 7, 2024 order, there was no supersedeas or stay; thus, Mother was required to obey that order. Therefore, we proceed with review of the trial court's finding of contempt.

In considering an appeal from a contempt order, we place great reliance upon the trial court's discretion. *Bold v. Bold*, 939 A.2d 892, 894–895 (Pa. Super. 2007) (citation omitted). As such, appellate review of a contempt finding is limited to determining whether the trial court abused its discretion. *Id.* at 895 (citation omitted). Judicial discretion requires action in conformity with law on facts and circumstances before the trial court after hearing and consideration. Consequently, the court abuses its discretion if, in resolving the issue for decision, it misapplies the law or exercises its discretion in a manner lacking reason. Similarly, the trial court abuses its discretion if it does not follow legal procedure. *Id.* (citations omitted). Therefore, we will reverse an order granting or denying a civil contempt petition only upon a showing that the trial court misapplied the law or exercised its discretion in a manner that lacked reason. *MacDougall v. MacDougall*, 49 A.3d 890, 892 (Pa. Super. 2012) (citation omitted). Moreover, we defer to the trial court's credibility determinations with respect to witnesses who have appeared before

it because that court has had the opportunity to observe their demeanor. *Habjan v. Habjan*, 73 A.3d 630, 644 (Pa. Super. 2013).

Generally, in civil contempt proceedings, the complainant bears the burden of proving that the defendant failed to comply with a court order. *MacDougall*, 49 A.3d at 892 (citation omitted). To sustain a finding of civil contempt, the complainant must prove by a preponderance of the evidence that: (1) the contemnor had notice of the order that she alleges the contemnor disobeyed; (2) the act constituting the alleged violation was volitional; and (3) the contemnor acted with wrongful intent. *Id.* (citation omitted).

Enforcement of custody orders though the contempt process is provided for in Pennsylvania Rule of Civil Procedure 1915.12. "A court may exercise its civil contempt power to enforce compliance with its orders for the benefit of the party in whose favor the order runs but not to inflict punishment." *Sinaiko v. Sinaiko*, 664 A.2d 1005, 1009 (Pa. Super. 1995). Finally,

> [i]f the alleged contemnor is unable to perform and has, in good faith, attempted to comply with the court order, then contempt is not proven. The contemnor has the burden to prove the affirmative defense that he lacks the ability to comply. The defense of impossibility of performance is available to a party in a contempt proceeding if the impossibility to perform is not due to the actions of that party.

*Thomas v. Thomas*, 194 A.3d 220, 225-26 (Pa. Super. 2018) (formatting altered and citations omitted).

Here, Mother contends that the trial court abused its discretion in finding that she "willfully failed to comply with the [c]ourt [o]rder when [she] acted in the best interest of her children[.]" Appellant's Brief, at 5. Mother is not entitled to relief.

The trial court's order required Mother to provide Grandfather with partial custody of Children, including phone calls and Zoom calls, and to provide Grandfather with Children's educational and counseling information. *See* Order, 10/7/24. Mother failed to comply.

It is well-established that "a mere showing of noncompliance with a court order . . . is never sufficient alone to prove civil contempt." *Thomas*, *supra* at 226 (citation omitted). Rather, "the act constituting the violation must be deliberate, and the act of the alleged contemnor must have been done with improper intent." *Sutch v. Roxborough Memorial Hosp.*, 142 A.3d 38, 68 (Pa. Super. 2016) (citations omitted). *See id.* ("Unless the evidence establishes an intentional disobedience or an intentional disregard of the lawful process of the [trial] court, no contempt has been proven.") (citation omitted). When determining whether a party acted with wrongful intent to support a finding of contempt, the trial court "should use common sense and consider context[;] wrongful intent can be imputed to a defendant by virtue of the substantial certainty that his actions will violate the court order." *Gross v. Mitz*, 284 A.3d 479, 493 (Pa. Super. 2022) (citation omitted).

Here, Mother's claim that she did not willfully violate the court order because she acted in the best interests of her children has already been rejected by this Court. *See S.P. v. K.H. & B.H.*, 1558 MDA 2024, *supra* at 22. Moreover, her claim is belied by the record, including her own admissions. Mother testified at the contempt hearing as follows:

> Q: So do you just not answer the phone when Grandfather calls you?
>
> A: Yes.
>
> Q: All right. And then you don't respond to text messages when Grandfather texts you. Correct?
>
> A: Correct.
>
> Q: Okay. So you've unblocked it, but you just failed to communicate with him. Correct?
>
> A: Yes.
>
> Q: [] Have you provided Grandfather with any kind of educational information?
>
> A: As he's aware, as I pled in [m]otions' court, they're enrolled in Pine Grove Area School District and homeschooled.
>
> Q: [] Are the children enrolled in any kind of therapy?
>
> A: They are not. We've had the—I can't remember what it was called, the consultation or the evaluation.
>
> Q: Did you inform Grandfather who that evaluation was with?
>
> A: Nope.
>
> Q: [] Have you afforded Grandfather the Zoom or telephone visits twice weekly as called for in the order?
>
> A: No. The children do not want to communicate with him.

Q: **So essentially the October 7th order, and all requirements in that order, you have—every single requirement in that order you have failed to do**.

A: **Correct**.

N.T. Hearing, 12/31/24, at 39-40 (emphasis added).

The record is replete with evidence supporting the trial court's finding of contempt. Furthermore, Mother's repeated contempt of court orders, which appears from the history of this litigation to occur with impunity, and which the trial court characterized as "game[-]playing," Order, 6/2/22, at 3, is an affront to the authority and dignity of the court. As this Court previously noted when analyzing Mother's argument regarding prior contempts, allowing parties to disobey court orders would be "to accept anarchy." *S.P. v. K.H. & B.H.*, 1558 MDA 2024, at 22 (citing *Luminella v. Marocci*, 814 A.2d 711 (Pa. Super. 2002)).

The trial court noted in its order that "[M]other's attitude today and in prior hearings has been very contemptuous. She just simply believes she does not need to obey [c]ourt orders." Order, 10/7/24, at 5. This Court previously found that Mother's actions were "intentional" and "obstructionist." *S.P. v. K.H.*, 772 MDA 2023 (Pa. Super. filed Jan. 3, 2024) at 7 (unpublished memorandum decision). Finally, we keep in mind that

> where court orders are disobeyed with impunity and respect for the law and the courts thereby weakened . . . it is the duty of the appellate courts to see to it that every assistance is extended to the courts of the Commonwealth so that orders are meticulously carried out[,] as otherwise the dignity of the judiciary, the majesty of the law[,] and its enforcement are clearly undermined.

***Librett v. Marran***, 854 A.2d 1278, 1279 (Pa. Super. 2004), (quoting ***Beemer v. Beeme***r, 188 A.2d 475, 476 (Pa. Super. 1962)).

Accordingly, we conclude that there was sufficient evidence to find Mother in contempt of an order that was clear, definite, and specific and of which Mother had notice. Moreover, having concluded that Mother willfully failed to comply with the court's custody order, she was properly ordered to reimburse Grandfather for the fees he incurred in litigating the contempt petition. We find no abuse of discretion. ***Bold***, ***supra***.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/12/2025